## REMY, use, &c. v. DUFFEE.

1. Admissions of the owner of a note that it has been paid may be given in evidence in a suit brought for the use of another, it not appearing that he had any interest in the notes when the admissions were made.

2. A custom that the merchants of Mobile retain bills and notes paid by them for their country customers, until the end of the year for settlement, may be given in evidence.

Error to the County Court of Tuscaloosa.

This was an action of assumpsit by the plaintiff in error against Duffee & Healy, as makers of a promissory note for eighteen hundred and thirty-five dollars and forty-six cents, dated Mobile, 30th September, 1835, due five months after date, and payable to F. Cumming, and by him indorsed; and one for the same amount, dated 15th October, 1835, at four months.

Pending the suit Healy died, and the cause was continued against Duffee.

Upon the pleas of non-assumpsit, payment and set-off, the defendant obtained a verdict.

Upon the trial below, it appeared in evidence that Cumming & Remy formed their partnership in 1835, and that from that time until their dissolution in 1837, that firm and the firm of Duffee and Healy at Tuscaloosa, had large dealings together in mercantile transactions. That on the dissolution of the firm of Cumming & Remy, and death of the former, the papers of the firm fell into the hands of Remy. That in 1837, Cumming told the witness that Duffee & Healy had paid up all the claims they had against them, and that in 1838 Remy said that he held an account to the amount of sixteen hundred dollars against Duffee & Healy, which they had refused to pay, but that if they did not pay it he would sue them on two notes in his possession, which had been paid and not taken up. The plaintiff's counsel moved to exclude this testimony, but the Court refused to exclude it.

The defendant also proved that it was customary among merchants in Mobile to retain in their possession notes and bills paid by them for persons up the country, for settlement at the end of the year. This evidence was also objected to, but the Court overruled the objection.

The Court charged the jury that if Cumming & Remy, whilst they were the owners of the notes in suit had acknowledged they were paid by the defendants, they must find for the defendants; that if the plaintiff was an innocent holder of the notes before maturity, they must find for the plaintiff—to which the plaintiff excepted, and now assigns the same for error.

J. J. PORTER, for plaintiff in error.

CRABB & COCHRAN, contra.

ORMOND, J.—The admissions of the plaintiff and his deceased partner, whilst owners of the notes here sued on, that they were discharged by payment by the defendant, is conclusive, without explanation or contradiction, against their right to recover in this action. These admissions lose none of their force because the suit is brought for the use of another, as it does not appear that he had any interest in the notes when the admissions were made.

Nor can we perceive any objection to the proof that it is the custom of the merchants of Mobile to retain the notes and bills of their country customers paid by them, until a settlement at the end of the year, the object of the proof being doubtless to account for the fact of the notes remaining in the hands of Cumming & Remy after they were paid.

We do not perceive any error in the judgment of the Court below, and it is therefore affirmed.