ARTHUR H. BENTON, APPELLANT, v. FRANK F. SIKYTA, APPELLEE.

FILED JUNE 25, 1909. No. 15,762.

1. Notes: BONA FIDE PURCHASERS. The indorsee of a promissory note, which was given in consideration for a right to make, use or vend a patented invention or one claimed by the payee to be patented, takes the paper subject to all defenses between the original parties, if at the time of his purchase he had knowledge of the consideration aforesaid, and none of the parties through whom he claims were in ignorance of that fact, even though the note was not indorsed, "Given for a patent right," and he paid value for and purchased it before maturity.

2. Evidence: DECLARATIONS. In a suit upon such an instrument, after it has been shown that plaintiff and his predecessors in title, before or at the time they acquired title thereto, had knowledge of the consideration for which it was given, the defendant may prove by a third party declarations of the payee made while in possession of the note and tending to impeach its validity.

3. **Notes: VALIDITY: INTOXICATION.** A promissory note, signed while the maker is intoxicated so that he is incapable of knowing or understanding the nature or quality of his act, if not thereafter ratified by him, but, on the contrary, promptly repudiated after he had recovered his senses and appreciated what had been done, is voidable, at his election, in the hands of an indorsee who is not an innocent holder thereof.

4. ———: **BONA FIDE PURCHASERS.** Section 9255, Ann. St. 1907, has not changed the law as announced in *Dobbins v. Oberman,* 17 Neb. 163.

5. "Parol evidence is inadmissible to establish an oral agreement contemporaneous with the making of a negotiable instrument whereby said instrument was not to be negotiated." *Waddle v. Owen,* 43 Neb. 489.

6. **Notes: COLLATERAL: RIGHTS OF INDORSEE.** If a note is valid between the original parties, an indorsee who holds it as collateral may recover the face thereof with accrued interest, retaining any surplus as trustee for the party beneficially entitled thereto after his own claim is satisfied; but, if the note is invalid between the immediate parties, one who holds it as collateral security may only recover the amount of his claim to which said note is collateral.

APPEAL from the district court for Johnson county: LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*A. W. Lane* and *Baxter & Van Dusen,* for appellant.

*J. C. Moore* and *Hugh La Master,·contra.*

ROOT, J.

Suit upon a negotiable intrument by an indorsee thereof. There was judgment for defendant, and plaintiff appeals.

Defendant alleges that the payee's agent induced him to become so intoxicated that he was incapable of understanding the legal effect of said instrument, and while in that condition he signed the note without knowing or comprehending its force or nature; that the note was given for a pretended right to vend a patented invention, but does not contain the statement that it was "given

for a patent right," as required by law, and was and is
void and without consideration, and that plaintiff at the
time he took said note and received an assignment
thereof had knowledge of the aforesaid facts. The reply
is a general denial.

1. Upon the trial of the case defendant, over plaintiff's
objections, was permitted to testify that Fordyce, the
payee's agent, represented to defendant that the note
would not be negotiated, but held simply as security, and
that testimony was submitted in an instruction by the
court as a defense to the suit, provided the jury found
that plaintiff was not an innocent holder. No such de-
fense was pleaded in the answer, nor should it have been
considered if incorporated therein. The note is payable
to bearer, is negotiable by delivery, and that quality can-
not be impaired by a contemporaneous parol agreement.
The exact principle was announced by this court in *Wad-
dle v. Owen*, 43 Neb. 489. See, also, *Van Etten v. Howell*,
40 Neb. 850. There was error in the admission of the
testimony and in the instruction referred to.

2. Plaintiff received the note as collateral to secure the
payment of Fordyce's note for a smaller sum. At plain-
tiff's request the court instructed the jury that, if he was
an innocent holder, he ought to recover the face of the
note in suit, with interest. The court on its own mo-
tion instructed the jury that, if Benton was an innocent
holder of the collateral, but it was secured from defend-
ant while he was so intoxicated that he did not know
or understand what he was doing, the verdict ought not
to exceed the Fordyce note, with interest. It is sug-
gested that the instructions conflict. The criticism is
merited, but the instructions only relate to the amount of
the verdict. The jury did not find that plaintiff was
entitled to recover anything, and hence the error is with-
out prejudice. *Gullion v. Traver*, 64 Neb. 51. For the
future guidance of the parties, it may be said that, as
plaintiff in his petition asserts title by virtue of an
assignment of the note made on February 7, 1907, and

not by purchase, his rights are those of a holder of collateral only. Under the issue presented by plaintiff, he ought not to recover in any event more than the face of the note to which the one in suit is collateral, with interest. *Haas v. Bank of Commerce*, 41 Neb. 754; *Barmby v. Wolfe*, 44 Neb. 77. Section 9256, Ann. St. 1907, cited by counsel, was not intended to abrogate the settled law of this state with respect to the rights of the holder of collateral securities.

3. The court charged the jury, as requested by defendant: "If the jury believe from the evidence that the plaintiff, before he purchased the note sued upon in this action, knew, or as an ordinary prudent man had reason to believe from circumstances brought to his knowledge before he purchased it, that the defendant had or claimed to have a defense to the note, then the plaintiff is not an innocent holder of said note." The instruction is erroneous in permitting the jury to consider what an ordinarily prudent man might believe from the facts brought to plaintiff's knowledge, and does not confine their deliberations to the good or bad faith of the plaintiff, whose rights are not to be determined by reference to that fictitious individual, the "ordinarily prudent man." Prior to the enactment of the present negotiable instrument statute, the law was settled that, to constitute bad faith on the part of the purchaser of a negotiable promissory note transferred to him for value before maturity, he must have acquired it with knowledge of the infirmities inhering in the original transaction or with a belief based on the circumstances known to him that there was a defense to the instrument, or the evidence must show that he acted in bad faith or dishonestly. *Dobbins v. Oberman*, 17 Neb. 163; *Myers v. Bealer*, 30 Neb. 280; *First State Bank v. Borchers*, 83 Neb. 530. Section 9255, Ann. St. 1907, provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the in-

firmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." The statute, in our judgment, in no manner relaxes the rule of law decided in the cited cases. Of course, if the consideration for the note is the right to vend a patented invention, and plaintiff knew that fact when he became the holder thereof, the element of notice of any other fact material to the defense is immaterial. On the other hand, if it is conceded that Benton did not have that knowledge, we are of opinion that the evidence does not justify a finding or inference that plaintiff knew that defendant was intoxicated when he signed the note in suit.

5. It is argued that the evidence does not sustain the verdict, and that the admission of Benton's testimony to prove Fordyce's statements was error. For the benefit of the litigants we will consider those assignments.

The note in suit is payable to the Leader Fence Machine Manufacturing Company, or bearer, and Fordyce seems to have been the general manager of that company. The evidence tends to prove that, about a week before the note was signed, Fordyce induced defendant to sign two contracts wherein he agreed to purchase several fence machines from said company and to act as its exclusive agent for at least a year for the sale of said machines in three townships in Johnson county. Each writing recites that the defendant has given his obligation to pay for the machines purchased. Defendant refused to give his notes, but later, in Sterling, was plied by Fordyce with whiskey until intoxicated, and, while incapable of understanding what he was doing, was induced by Fordyce to sign the instrument in suit. Section 9395, Ann. St. 1907, provides that there shall be written or printed above the signature and across the face of all notes given in consideration of the right to make, use or vend a patented invention, or an invention claimed to be patented, the words "Given for a patent right," and that such an instrument shall at all times be subject to all defenses

available against the payee thereof, and if any such notes are not thus indorsed, but a subsequent holder thereof has knowledge of the consideration therefor, he shall hold it subject to said defenses. The legislature in the exercise of the police power may enact statutes like the one quoted, and individuals dealing in negotiable instruments must take notice of the law. *Tod v. Wick Bros. & Co.,* 36 Ohio St. 370; *Allen v. Riley,* 203 U. S. 347; *Woods & Sons v. Carl,* 203 U. S. 358. The proof is not as satisfactory as a court might desire to establish that the machine referred to in the contract was patented, that Fordyce claimed it to be patented, or that plaintiff knew either fact at or before the date he took the note in suit as collateral, but the evidence is not entirely without probative value to support those issues. If, therefore, the note was given for the right to use or vend a patented invention, or one that Fordyce claimed to be patented, and plaintiff knew that fact at or before the time he purchased the instrument, defendant had the right to have the jury consider his defense that, at the time he signed said instrument, he was so intoxicated by Forydce's procurement, that he did not know or understand the character or consequences of his act, and that he had repudiated the note within a reasonable time after recovering his senses. Between the original parties, or one not a *bona fide* holder, that defense is legitimate. *Gore v. Gibson,* 13 Mees. & Wels. (Eng.) 623; *Case Threshing Machine Co. v. Meyers,* 78 Neb. 685. It should be borne in mind, however, that plaintiff is not to be defeated because the facts may satisfy the trier of fact that Benton had constructive notice that the note was given in consideration of a right to use or vend a patented invention. The language of the statute is, that the indorsee is not an innocent holder if he purchased the note *"knowing it to have been given for the consideration aforesaid."*

Over defendant's objections it was shown that Fordyce, about 15 to 30 days after he secured the note from defendant, told the witness that he, Fordyce, "got Sikyta

drunk when he signed the note, * * * so drunk that he could scarcely move or handle himself at all." At the time the note was executed Fordyce was the payee's agent, and, unless he owned the note when he made that statement, it ought not to have been received except for impeachment purposes, if Fordyce had testified and the proper foundation had been laid. *Gale Sulky Harrow Co. v. Laughlin,* 31 Neb. 103. The evidence does not fix with any degree of certainty just when Fordyce became the owner of the paper. He transferred it before maturity, and the jury might infer, from all of the circumstances developed from the evidence, that his title antedated the declaration made; but we think that the jury should have been advised that, unless they found that fact to exist, they should disregard Benton's testimony on this point. The courts are not in harmony upon the admissibility of such evidence in any event, but the dictum of Judge SULLIVAN in *Zobel v. Bauersachs,* 55 Neb. 20, indicates the inclination of this court to hold such evidence competent where the litigant claims title through the declarant and is not an innocent holder, and such we hold to be the law. *Fisher v. Leland,* 4 Cush. (Mass.) 456; *Reed v. Vancleve,* 3 Dutch. (N. J.) 352; *Thorp v. Goewey, Adm'r,* 85 Ill. 611; *Remy v. Duffee,* 4 Ala. 365. The authorities cited on this point by plaintiff all support the proposition that the statements made by one who theretofore owned a negotiable instrument will not be received to impeach the bill, and they are sound, but do not apply to the case before us.

For the errors referred to, the judgment of the district court is reversed and the cause remanded.

REVERSED.

REESE, C. J., absent and not sitting.