9292.  REECE *et al. v.* CITIZENS BANK OF ROSWELL.

JENKINS, J.  This was a suit by the Citizens Bank of Roswell as indorsee of a promissory note.  The defendant makers of the note pleaded failure of consideration, and that the plaintiff was not an innocent purchaser for value, before due, and without notice.  Upon the trial of the case J. C. Reece, one of the defendants, testified as follows:  "Mr. Fowler, the cashier of the Citizens Bank, called me over the telephone and asked me about trading for it [the note], and I told him there was a contract out and he had better hold up on the note a few days. . . Some few days after that . . . I met him and Col. Broadwell [attorney for the bank] between the store and my house in the road there, and he said that Mr. Murphy [an officer of the payee company] had come up there and offered him a discount on the note, . . and if it was all right, he wanted to trade for it.  I told him there was a contract out, and if they complied with the contract I would have the note to pay.  He did not ask me what the contract was, and I did not tell him.  I told him I had the contract with Murphy. . . I told him there was a bond out.  I don't remember whether I told him I hadn't got the bond or not.  I told him that the contract hadn't been complied with.  I told him the Roswell Construction Company [the payee] had not complied with the contract, but they said they were going to. . . . I told him the note was all right if they complied  with the contract, and if they didn't, it was not. . .  When they came to see me up there at my home, I did not exhibit that contract to Mr. Broadwell or Mr. Fowler.  I didn't have it. . .  I said there that the note was out, and I would have to pay it, provided the contract was complied with.  I further stated that I had as soon the bank at Roswell would have it as anybody else, because I was a stockholder at that bank."  It was contended on the part of the defendants that, under the circumstances shown by this evidence, the bank, in purchasing the note, took it subject to the equities between the makers and the payee; that it was a question for the jury whether the bank was a bona fide holder without notice; and that for this reason, among others, the court erred in directing a verdict for the plaintiff.

1.  Knowledge on the part of the holder of a negotiable note that it was given in consideration of an executory contract or based upon an executory agreement with the payee, even though such consideration or agreement should be expressed in the instrument itself, will not deprive the indorsee of the character of a bona fide holder, unless he had notice of the breach of such agreement by the payee (*Bloodworth* v. *Woodward*, 20 *Ga. App.* 570, 573 (93 S. E. 221, and cases there cited) ; and while the rule is that "any circumstances which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due" (Civil Code of 1910, § 4291), and while in a particular case the character and sufficiency of the circumstances which should place a prudent man on his guard are to be determined as questions of fact by the jury, and not by the judge as questions of law (*Fidelity Trust Co.* v. *Mays,*

142 *Ga.* 821, 83 S. E. 961; *Park* v. *Buxton*, 10 *Ga. App.* 356, 73 S. E. 557), still, in the application of these rules, the question is not whether the circumstances were such as might reasonably put the indorsee upon notice that the consideration could fail, but whether they were sufficient to put him on notice it must fail or actually had failed.

2. The grounds of the motion for a new trial not covered by the foregoing ruling are controlled by the decision of this court in the case of *Dorris* v. *Farmers & Merchants Bank*, ante, 514. The court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
>
> DECIDED JULY 11, 1918.

Complaint; from Milton superior court—Judge Pendleton presiding. October 13, 1917.

*George F. Gober, G. B. Walker, W. I. Heyward,* for plaintiffs in error. *Fred. Morris, George D. Anderson,* contra.