18997. Hengstler *v.* Huguley-Scott Auto Company.

Bell, J. 1. "Knowledge of the consideration of a negotiable note, by a bona fide purchaser for value before maturity, does not carry with it any notice of failure of consideration, nor is the purchaser bound to make inquiry as to whether the consideration has failed or will fail." *Florence* v. *Commercial Bank*, 34 *Ga. App.* 329 (1) (129 S. E. 560); *Bank of Commerce* v. *Knowles*, 32 *Ga. App.* 800 (2) (124 S. E. 910).

2. The fact that the purchaser of a promissory note knew at the time of taking it that it was executed by the maker in consideration of an executory contract, to be performed by the payee for the benefit of the maker, would not alone constitute notice of a subsequent failure of consideration, resulting from the payee's breach of the executory contract. *State Banking Co.* v. *Morgan*, 30 *Ga. App.* 430, 432 (118 S. E. 415).

3. Nor, in a suit by the purchaser upon such note would the defendant be let in to his defenses merely upon proof that the plaintiff had been offered the same kind of contract by the payee, the same being for advertising service, and that because it "didn't look good to him" he "turned it down," this having reference not to any improbability of performance by the other party, but to the value or desirability to the plaintiff of the service proffered.

4. Where it appeared that a number of such executory contracts had been entered into by the payee with various business men of a certain community, who had executed notes to the payee similar to the one sued on, testimony by one of the makers of such notes that at the time he executed the note the contract and the note were so placed together that he did not observe the note or know of its existence, and believed that he was signing only the contract, was inadmissible in support of a plea of fraud by the defendant, where there was no evidence tending to show that the plaintiff had knowledge of any such artifice or device, or that he was otherwise charged with notice that any fraud was practiced on the defendant by the payee in obtaining the note sued on.

5. An indorsement of a promissory note, when sued on by the indorsee, need not be proved unless denied on oath. Civil Code (1910), § 4299; Ga. L. 1924, p. 126, §§ 16, 59; *Massell* v. *Fourth National Bank*, 38 *Ga. App.* 601 (1) (144 S. E. 806).

6. The maker of a negotiable instrument admits the existence of the payee and his then capacity to indorse. Ga. L. 1924, p. 126, § 61.

7. Applying the above rulings, the evidence demanded the verdict for the plaintiff, and the court did not err in directing it.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided February 9, 1929.

*W. Howell Morrow, L. B. Wyatt,* for plaintiff in error.
*L. L. Meadors,* contra.