STATE BANK OF OMAHA, APPELLANT, V. F. P. TODD,
APPELLEE.

FILED FEBRUARY 11, 1932.   No. 28010.

*E. D. Crites* and *F. A. Crites*, for appellant.

*J. E. Porter, contra.*

Heard before GOSS, C. J., EBERLY and PAINE, JJ., and
BEGLEY and ELDRED, District Judges.

BEGLEY, District Judge.

This is an action brought by the State Bank of Omaha
to recover on a note for $2,000, executed and delivered to
plaintiff by defendant.   The defendant in its answer ad-
mitted execution and delivery of the note, denied consider-
ation therefor, and further alleged that same was a re-
newal of a note for like amount, given as an accommoda-
tion note to the Farmers Bank of Crawford as a part of
the same transaction, to enable said bank to pledge same
as collateral security for a note for the loan of $15,000
from plaintiff to said bank, and that said principal note
has been fully paid and there is nothing due or owing on
the note herein sued upon.   The reply was a general de-
nial, with allegations to the effect that the note is com-
plete on its face; that plaintiff is a holder in due course,
and that by reason of renewals defendant is estopped to
deny liability thereon.

The following facts are established by the evidence: In June, 1922, the defendant was a stockholder in the Farmers Bank of Crawford; said bank was in financial difficulties; the state guaranty fund commission had taken charge of and temporarily closed it. Negotiations were begun with the commission for the purpose of reopening same. One J. P. Palmer, an attorney and agent for the guaranty fund commission, Erwin Kleeman, president of the Farmers Bank of Crawford and defendant and others, met in Omaha at the offices of plaintiff, with Mr. Schantz, its president, and the sum of $15,000 was raised and paid into said bank in the following manner: Mr. Palmer and Mr. Kleeman executed and delivered to plaintiff their note for $15,000. Plaintiff loaned them the $15,000 which was deposited on a time certificate of deposit in the Farmers Bank of Crawford and then assigned to the plaintiff as collateral. Other notes and certificates were made and assigned to plaintiff, also as collateral, including an accommodation note of $2,000 from defendant to the Farmers Bank of Crawford and also assigned to the plaintiff. When this note came due it was renewed twice by defendant, the renewals being made payable direct to plaintiff.

The bank was reopened and continued as a going bank for a short period and was finally declared insolvent and liquidated out. All parties to said transaction assumed that the certificate of deposit of $15,000 would, in case of insolvency of the bank, be held to be a valid deposit and be payable from the state guaranty fund; but, after the bank was closed, Mr. Palmer filed same as a claim and it was disallowed; this court holding that the transaction constituted a loan from plaintiff to the Farmers Bank of Crawford, and not a valid deposit against the guaranty fund. The amount of the $15,000 was reduced to $4,100 before the Farmers Bank was closed.

The evidence shows that plaintiff bank was the city correspondent of the Farmers Bank of Crawford and at times had various deposits in its bank to the credit of the Farmers Bank of Crawford. There is a discrepancy in the books

of the different banks as to the balance on hand at the time of the closing of the Farmers Bank. The books of the plaintiff show an overdraft in the sum of $4,027.31, while the books of the Farmers Bank show a balance due it at the date of closing of $5,342.69. This difference is explained by the evidence of defendant in showing that one F. M. Stapleton was formerly cashier and general manager of the Farmers Bank and at such time gave his personal note to plaintiff amounting to the sum of $9,370; that he defaulted in payment of the same and that on January 3, 1922, the plaintiff, without authority of the Farmers Bank and without its knowledge, charged against and deducted from the Farmers Bank account the amount of this note, leaving an overdraft on the plaintiff's books in the sum of $4,027.31. Stapleton kept the transaction covered in the Farmers Bank and it was never shown as a debit on that bank's books. There is no evidence that the note was an obligation of the bank or that Stapleton acted other than in his individual capacity in the transaction, and in view of the provisions of our statute that no officer or employee of a state bank shall be permitted to borrow any of the funds of the bank, directly or indirectly, it will be presumed to have been his personal obligation.

The only issue submitted by the court to the jury was the defense raised by the defendant as to payment and the right to an equitable set-off. The court submitted the following instruction, of which the plaintiff complains:

"You are instructed that if the defendant has established by a preponderance of the evidence that the original note for $2,000, of which the note in suit is a renewal, together with the notes of Smith, Palmer and Kleeman were given without consideration therefor passing to said makers, and for the purpose of lending their names to the Farmers Bank of Crawford, and for the purpose of enabling said Crawford bank to obtain money or credit thereon from the plaintiff bank and as collateral therefor, and that said Crawford bank did obtain credit thereon from the plain-

tiff in the sum of $15,000, and it issued its certificate of deposit therefor as security for said loan; and if the defendant has further established by a preponderance of the evidence that all of this was done by and with the full knowledge and consent of the plaintiff herein, and that said plaintiff bank agreed to said arrangement, then the defendant would be entitled to offset the indebtedness due from the plaintiff to the Farmers Bank of Crawford that is now due and that was also due at the time said bank was closed and passed into the hands of the receiver, if any. And even if the defendant has established the foregoing propositions by a preponderance of the evidence, then before he is entitled to a verdict herein he must further establish by a preponderance of the evidence that at the present time, and at the time the Farmers Bank of Crawford was closed and passed into the hands of the receiver, the plaintiff bank was indebted to said Crawford bank in the sum in excess of $4,100, and interest, claimed by plaintiff to be the balance due on the original loan of $15,000.

"If the defendant has failed to establish each one and all of the foregoing propositions by a preponderance of the evidence, or if the evidence thereto be evenly balanced or preponderates in favor of the plaintiff, then your verdict must be for the plaintiff for the sum of $2,000 with interest thereon at 8 per cent. per annum from the 5th day of June, 1923."

Appellant alleges error on the admission of oral testimony to dispute the terms of its note and also evidence to show that defendant is entitled to an equitable set-off. The notes were all made as part of the same transaction and not as collateral for any antecedent debt. The plaintiff bank had full knowledge of all the circumstances; took active part in the negotiations, and took the note direct to itself. It cannot under such circumstances complain of the admission of this evidence. 3 R. C. L. 870, sec. 54; 49 C. J. 1022. In the case of *Benton v. Sikyta*, 84 Neb. 808, this court held: "If the note is invalid between the

immediate parties, one who holds it as collateral security may only recover the amount of his claim to which said note is collateral." The case of *National Bank of Commerce v. Bottolfson,* 55 S. Dak. 196, is somewhat similar as to the order of pleading. The court held: "Where plaintiff suing on note alleged title as owner, but facts shown by plaintiff at trial demonstrated plaintiff was holder of note for purposes of collateral, plaintiff had burden of proving amount, if any, due on main obligation from payee to plaintiff." See, also, 49 C. J. 1030. Under our Code of Civil Procedure the distinction between actions at law and suits in equity is abolished. Comp. St. 1929, sec. 20-101. The defendant had the right to plead and prove an equitable set-off in this action, where the Farmers Bank of Crawford is shown to be insolvent. *Pierce v. Atwood,* 64 Neb. 92.

The case was properly submitted to the jury by the trial court and we find no prejudicial error in the record. The judgment of the district court is therefore

AFFIRMED.