23693.  WALL'S ODORLESS CLEANERS INC. *et al. v.* ALLEN.

BROYLES, C. J.  1. Where suit is brought on a promissory note, the execution of the note "need not be proved, unless denied by a plea of non est factum." *McClain* v. *Georgian Co.,* 17 *Ga. App.* 648 (4) (87 S. E. 1090). In the instant case no such plea was filed, and the defendants in their pleas virtually admitted that they executed the note sued on and that they had the authority to do so. It follows that there is no merit in the single special ground of the oral motion for a new trial which complains of the admission of the note in evidence, over the defendants' objection "that its execution by the defendant, Wall's Odorless Cleaners Inc., and indorsement by the defendant, Mrs. Ora Wall, had not been proven, and on the further ground that it purported to have been executed by the president of said corporation, Wall's Odorless Cleaners Inc., and no authority of the president of the corporation to execute the note had been shown."

2. "Knowledge of the consideration of a negotiable note, by a bona fide purchaser for value before maturity, does not carry with it any notice of *failure* of consideration, nor is the purchaser bound to make inquiry as to whether the consideration *has failed* or *will fail.*" (Italics ours.) *Hengstler* v. *Huguley-Scott Auto Co.,* 39 *Ga. App.* 287 (146 S. E. 645), and cit.

3. Mrs. Wall, who was sued as indorser of the note, filed a lengthy separate plea, but she failed to set up therein the defense that as a married woman she could not under the law (Civil Code of 1910, § 3007) bind her property by any contract of suretyship or by any assumption of the debts of her husband, and no such issue was before the trial judge, who was hearing the case without the intervention of a jury.

4. The verdict was authorized by the evidence, and the appellate division of the municipal court of Atlanta did not err in affirming the judgment of the trial judge overruling the oral motion for a new trial.

5. This court, not being satisfied that the writ of error was prosecuted for

the purpose of delay, denies the petition of the defendant in error to assess damages against the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 18, 1934.

*Clifford Hendrix, Hendrix & Buchanan,* for plaintiff in error.
*H. C. Holbrook,* contra.

