35122.   SWAFFORD *v.* CERTIFIED FINANCE COMPANY.

DECIDED APRIL 13, 1954—REHEARING DENIED APRIL 24, 1954.

*Thomas E. Moran, Frances G. Millican,* for plaintiff in error. *Noah J. Stone,* contra.

TOWNSEND, J. " 'An action for money had and received lies in all cases where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain.' *Zapf Realty Co.* v. *Brown,* 26 *Ga. App.* 443 (106 S. E. 748) ; *Whitehead* v. *Peck,* 1 *Ga.* 140 (3) ; *Knight* v. *Roberts,* 17 *Ga. App.* 527 (87 S. E. 809). In such an action 'the law implies a promise on the part of any person who has received the money of another to pay that person on demand. The reception of money by one and the demand by the other makes all the privity that is necessary to maintain this action.' *Central R.* v. *First Nat. Bank,* 73 *Ga.* 383 (2a), 385; *Bates-Farley Savings Bank* v. *Dismukes,* 107 *Ga.* 212 (2), 218 (33 S. E. 175). 'It is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner.' *Citizens Bank* v. *Rudisill,* 4 *Ga. App.* 37 (2), 41 (60 S. E. 818, 820) ; 27 Cyc. 864, 857; 2 Rul. Case Law, 778." *Haupt* v. *Horovitz,* 31 *Ga. App.* 203 (1) (120 S. E. 425) ; *Porter* v. *Hancock,* 76 *Ga. App.* 534, 537 (46 S. E. 2d 597). Although a suit for money had and received is a legal action, it is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another, and thus it is a substitute for a suit in equity. *Jasper School District* v. *Gormley,* 184 *Ga.* 756, 758 (193 S. E. 248).

Applying these rules of law, the petition here, to set out a cause of action, must allege facts sufficient to show that the defendant, in equity and good conscience, is not entitled to retain the money paid to it as a part of the purchase price of the Hudson automobile, and that it has received, and is not entitled to

retain, the value of the plaintiff's Dodge automobile which was traded in on the Hudson. While the demurrer to the petition admits all well-pleaded facts, it does not admit mere conclusions of the pleader where no facts are alleged justifying the conclusion being drawn therefrom as a natural inference. Code § 81-304; *Callan Court Co.* v. *Citizens & Southern Nat. Bank*, 184 *Ga.* 87 (190 S. E. 831); *Presley* v. *Presley*, 77 *Ga. App.* 99 (47 S. E. 2d 647); *Ford* v. *S. A. Lynch Corp.*, 79 *Ga. App.* 481 (54 S. E. 2d 320). Construed, as it must be, against the pleader, the allegation in the petition that the defendant "in equity and good conscience ought not to be allowed to retain" the sum of $975 must be disregarded unless facts are alleged showing that the defendant is not entitled to the money as against the plaintiff. It definitely appears that the plaintiff has suffered a breach of warranty by which he has been wronged, but it does not appear that it was the defendant which did him the wrong. The petition fails to allege that the defendant sold the plaintiff the Hudson automobile or warranted title thereto or received the Dodge automobile or the proceeds thereof, and fails to allege, as to the purchase-money notes on which the payments were made, that the defendant was not a bona fide holder in due course. A failure of consideration cannot be urged against the holder in due course of a negotiable instrument. Code §§ 14-507, 14-509; *Latimer* v. *Peoples Loan & Finance Corp.*, 53 *Ga. App.* 323 (2) (185 S. E. 573). The facts alleged here, disregarding mere unsupported conclusions, are as consistent with the theory that the defendant is entitled to retain the sums received as payments on the notes as they are consistent with the theory that it is not entitled to do so.

The petition, having alleged that the automobile was sold to the plaintiff under a note and conditional-sale contract, and failing to allege that the instrument was non-negotiable, the pleadings must be construed most strongly against the plaintiff. The petition also alleges that payments by virtue of a transfer of this evidence of the plaintiff's indebtedness was made by him to the defendant. Construing the petition, therefore, most strongly against the pleader, it must be assumed that the note is negotiable and is in the hands of the defendant as an innocent purchaser in due course and without notice of any infirmity

therein. Code § 14-506 provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith." See *Hengstler* v. *Huguley-Scott Auto Co.,* 39 *Ga. App.* 287 (2) (146 S. E. 645); *Reid* v. *Marsol Credit Co.,* 53 *Ga. App.* 356 (185 S. E. 836); *Wall's Odorless Cleaners* v. *Allen,* 49 *Ga. App.* 512 (2) (176 S. E. 93); *Florence* v. *Commercial Bank,* 34 *Ga. App.* 329 (1) (129 S. E. 560). It follows, therefore, that the breach of warranty contained in the bill of sale to secure debt constitutes a failure of consideration which cannot be pleaded against an innocent purchaser of the notes thereby secured, who is a holder thereof in due course without notice of the infirmity, since there is no allegation in the petition that the holder had actual knowledge of this breach of warranty or knowledge of such facts that his action in taking the instrument amounted to bad faith. See *Bank of Commerce* v. *Knowles,* 32 *Ga. App.* 800 (2a) (124 S. E. 910).

Accordingly, the petition failed to set out a cause of action, and the trial court properly sustained the general demurrer.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*