36933. JOHNSON *v.* CITIZENS & SOUTHERN NATIONAL BANK.

DECIDED JANUARY 24, 1958—ADHERED TO ON REHEARING FEBRUARY 20, 1958.

*Frank C. Jones, Jones, Sparks, Benton & Cork,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Alex W. Smith,* as amicus curiae.

*William C. Turpin, Maurice C. Thomas,* contra.

GARDNER, Presiding Judge. It will be noted that the plaintiff sues on the notes here involved as a bona fide holder for value before maturity. Defendant contends that the plaintiff is not a bona fide holder for value before maturity and, therefore, is not entitled to recover.

The agreement between the defendant (insured and maker) and the Morgan & Morgan Insurance Agency (payee and indorser) is set forth in the face of each of the "conditional acceptance premium notes" sued on.

This agreement provides expressly and by necessary implication the following: (a) The notes are "tendered" to the payee, Morgan & Morgan Insurance Agency "by the maker or makers under the following agreement"; (b) The maker tenders these notes "in settlement of certain premiums '. . .' covering . . . insurance policy or policies issued to the maker by Morgan, etc."; (c) "If any of these notes are not paid when due . . . Morgan & Morgan Insurance Agency reserves the right to declare all unpaid notes due and immediately cancel all policies in connection with which these notes are given in settlement of premiums"; (d) "All unearned premiums by reason of any such cancellation shall be the property of Morgan"; (e) "Failure to pay this note . . . shall at the option of Morgan & Morgan Insurance Agency, constitute a request for cancellation on the customary short-rate basis"; (f) Implicit in the foregoing express agreements is the obligation of Morgan & Morgan Insurance Agency to pay the full premium or premiums to the Insurance Company or Companies "covering . . . insurance policy or policies issued to the maker by Morgan, etc."

Otherwise, there could never be any unearned premium in the hands of the insurer in the event of a cancellation as contemplated and provided for in the agreement above quoted.

Furthermore, the notes are entitled on their face as being

"Conditional Acceptance Premium Notes". This can mean nothing more or less than that the note is acceptable as a premium note, subject to the conditions therein expressed. As such they are non-negotiable and the bank acquires no greater rights in the transfer of the notes to it by Morgan & Morgan Insurance Agency than are given to Morgan & Morgan Insurance Agency under the notes themselves.

Morgan & Morgan Insurance Agency did not pay the premiums to the involved insurance company and there was a failure of consideration and to that extent the bank, as transferee, is not entitled to recover.

Code § 14-201 reads: "An instrument to be negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) It must contain an unconditional promise or order to pay a sum certain in money, provided that a promissory note may be made payable in cotton or other articles of value; (3) It must be payable on demand or at a fixed or determinable future time; (4) It must be payable to order or to bearer; and, (5) Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

Almost the entire argument of the plaintiff is that the notes are negotiable because the notes contain, above all other things, a promise to pay a sum in money and all other things expressed in the notes or concerning the notes are, as to the defendant, surplusage and not binding on the defendant. According to our way of seeing the issue, it is immaterial whether or not the words "promise to pay a sum certain in money at a certain time" are in the notes. We might concede that the plaintiff is correct in this regard. However, the controlling question here is whether or not the facts of which the plaintiff had notice, such as the taking of the notes from the defendant and allegations of facts connected thereto (shown throughout the transaction) indicate that the procuring of the notes by Morgan & Morgan Insurance Agency and the giving of the notes by the defendant was against public policy. These things the plaintiff knew, according to the pleadings in the case. The alleged facts appear in the pleadings and admitted by demurrer show that Morgan & Morgan Insurance Agency represented the Canal Insurance Company of Greenville,

South Carolina and without any authority or knowledge of the Canal Insurance Company, Morgan & Morgan Insurance Agency proposed to finance the premiums on certain policies for the defendant. This was undertaken and handled in the series of conditional acceptance notes. These notes were sold, transferred and assigned by Morgan & Morgan Insurance Agency to the plaintiff. The plaintiff, in purchasing these notes, was fully advised by the notes themselves, as one source, that this financing transaction between Morgan & Morgan Insurance Agency was not as agents for the Canal Insurance Company but in Morgan & Morgan Insurance Agent's own right, on behalf of an agent of the defendant insured. In *Ramspeck* v. *Pattillo,* 104 *Ga.* 772, 775 (30 S. E. 962, 42 L.R.A. 197, 69 Am. St. R. 197) the Supreme Court said: "1. An agent of a fire-insurance company, authorized to contract for insurance in its behalf, can not, without the company's consent, become in his individual character the agent of a property-owner who desires to obtain insurance in that company. . . [p. 775] The law will not permit an agent to assume such conflicting duties, and declares that such contracts are against public policy. 'An agent can not make a valid contract where in the same transaction, he acts as agent for both parties.' . . 'It is not competent for one to employ an insurance agent to effect an insurance or renewal in the agent's own company. He can not take the agency of one wishing to insure, without the consent of his principal. To be agent for both parties to a contract is to undertake inconsistent duties, and such a mutual agency requires the consent of both principals to the mutuality of the agency.' . . Contracts which are opposed to open, upright, and fair dealing are opposed to public policy. . . He commits a fraud on his principals in undertaking, without their assent or knowledge, to act as their mutual agent, because he conceals from them an essential fact entirely within his own knowledge, which he was bound, in the exercise of good faith, to disclose to them." The Supreme Court in *Napier* v. *Adams,* 166 *Ga.* 403 (143 S. E. 566) cites with approval *Ramspeck* v. *Pattillo,* supra; *Phoenix Insurance Co.* v. *Hamilton,* 110 *Ga.* 14, 17 (35 S. E. 305) ; *Sessions* v. *Payne,* 113 *Ga.* 955, 956 (39 S. E. 325) ; *Manis* v. *Pruden,* 145 *Ga.* 239 (88 S. E. 967) ; *Murphy Hardware Co.* v. *Rhode Island Insurance Co.,* 153 *Ga.* 273 (111 S. E. 808) ; *Reserve Loan*

&c. Co. v. Phillips, 156 Ga. 372, 377 (119 S. E. 315), and amplifies the illegality of dual agency situations and reiterates that contracts resulting therefrom are against public policy and are fraudulent and void. The decision in Napier v. Adams, supra, was emphatic on this point. Throughout the case the court expressed this principle but we quote only a part regarding this decision on this principle of law: "An agent can not use his best skill and judgment to promote the interest of his employer where he acts for two persons whose interests are essentially adverse. Such a situation places the agent under a temptation to deal unjustly with one or both of his principals. Walker v. Osgood, 98 Mass. 348 (93 Am. D. 168). He thus commits a fraud on his principals in undertaking, without their consent or knowledge, to to act as their mutual agent. . . Such conduct is a palpable fraud upon his principal."

In Hoffman v. John Hancock Mutual Life Insurance Co., 92 U. S. 161 (23 L. ed. 539), the United States Supreme Court said: "An agreement between the agent of an insurance company and an applicant for insurance, whereby the former, without authority from the company, accepted, by way of satisfaction of a premium payable in money, articles of personal property, is a fraud upon the company, and no valid contract against it arises therefrom. . . . Life insurance is a cash business. Its disbursements are all in money, and its receipts must necessarily be in the same medium. This is the universal usage and rule of all such companies. . . The exercise of such a power [taking personal property for his commissions on insurance premiums] by the agent was liable to two objections,—it was ultra vires, and it was a fraud as respects the company. Hoffman must have known that neither Goodwin nor Thayer had any authority to enter into such an arrangement, and he was a party to the fraud." This court has cited Hoffman v. John Hancock Mutual Life Insurance Co., supra, in two cases, i.e. New Jersey Insurance Co. of Newark v. Rowell, 33 Ga. App. 552, 554 (126 S. E. 892) and American Insurance Co. of Newark v. Seminole County Board of Education, 51 Ga. App. 808 (181 S. E. 783). In those cases the court said in substance that premiums must be paid in money or its equivalent.

In view of what we have said hereinabove and authorities

therefor, the court erred in sustaining · the demurrer to the amended answer.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*