20053. CITIZENS & SOUTHERN NATIONAL BANK *v.* JOHNSON.

ARGUED MAY 12, 1958—DECIDED JUNE 5, 1958.

*William C. Turpin, Maurice C. Thomas,* for plaintiff in error.

*C. Baxter Jones, Frank C. Jones, Jones, Sparks, Benton & Cork,* contra.

*Smith, Field, Doremus & Ringel,* for parties at interest not parties to record.

ALMAND, Justice. In a suit by the Citizens & Southern National Bank, on notes executed by Willie Johnson, payable to the order of Morgan & Morgan Insurance Agency, which had been transferred to the bank before maturity, the defendants entered a plea and answer asserting that the notes sued on were (a) nonnegotiable, and (b), even if they were negotiable, the plaintiff was not a holder in due course, and at the time it took the notes had knowledge of such facts, and that its action in taking the notes amounted to bad faith (Code § 14-502 (4)), the Court of Appeals held that the trial court erred in sustaining the plaintff's demurrers and striking the defendant's answer and rendering a judgment in favor of the plaintiff. 97 *Ga. App.* 200 (102 S. E. 2d 680). We granted the bank's petition for writ of certiorari to review this judgment.

The facts alleged in the petition and answer are fully set out in the opinion of the Court of Appeals and need not be here stated. Upon a careful review we are of the opinion that the Court of Appeals erred in holding that the notes sued on were non-negotiable and that the answer set out an issuable defense. The instruments meet all the requirements of Code § 14-201 to make them negotiable and were not rendered non-negotiable by containing "an order or promise to do any act in addition to the payment of money." (Code § 14-205.) The fact that the notes are captioned with the words "Conditional Acceptance Premium Note" does not alone determine the character of the notes. In determining their legal import courts are not bound by the name given them but must look to the language in the body of the notes. *Motor Contract Co.* v. *C. & S. National Bank,* 66 *Ga. App.* 78 (17 S. E. 2d 195). The fact that the notes, after reciting a promise to pay a stated sum on a given date, further provided that the maker tenders them in settlement of premiums covering certain insurance policies and "that if any of these notes are not paid when due that Morgan & Morgan Insurance Agency reserves the right to declare all unpaid notes due and immediately cancel all policies in connection with which these notes are given in settlement of premiums. It is further agreed that all unearned premiums by reason of any such cancellation shall be the property of Morgan & Morgan Insurance Agency," and on the back of the notes appears the name of an insurance company and a policy number, does not make the promise to pay conditional nor do they contain any order or premise on the part of the maker to do any act in addition to the payment of money. See Union Ins. Co. *v.* Greenleaf, 64 Me. 123; Odom *v.* Pinkston (Tex. Civ. App.) 193 S. W. 2d 888; and *Pyron & Son* v. *Ruohs,* 120 *Ga.* 1060 (6) (48 S. E. 434). See also *Edwards & Deutsch Lithographing Co.* v. *Vidalia Grocery Co.,* 144 *Ga.* 514 (87 S. E. 675, L.R.A. 1916D 624), and *State Banking Co.* v. *Morgan,* 30 *Ga. App.* 430 (118 S. E. 415).

2. It is contended that, even though the notes were negotiable, the plaintiff knew that they were given in payment of insurance premiums to the agent of the insurer, and the proceeds of the notes belonged to it, and though the bank knew in taking premium notes from the agent, it was normal practice for the

bank before advancing any funds to the agent to give to the insurer notice and obtain confirmation, and if such inquiry had been made, it would have been revealed that the agent had no actual authority to take or discount the notes and that the agent was insolvent. Therefore, he asserts, the bank did have such knowledge of the infirmities of the notes as to amount to bad faith under Code § 14-506. That the plaintiff had knowledge of the consideration of the notes did not carry with it any notice of the failure of consideration, nor was it bound to make inquiry as to whether the consideration had or would fail. *Florence* v. *Commercial Bank* of Athens, 34 *Ga. App.* 329 (1) (129 S. E. 560), and *Hengstler* v. *Huguley-Scott Auto Co.*, 39 *Ga. App.* 287 (146 S. E. 645). A mere failure to inquire of the insurer as to the authority of the agent to take the notes of the insured in payment of insurance premiums would not constitute bad faith under the Negotiable Instruments Act as contained in Code § 14-502 (4). Something more than mere mistake of judgment is necessary to constitute bad faith. To constitute bad faith by a purchaser of a negotiable instrument before maturity he must have acquired it with actual knowledge of its infirmity or with a belief based on the facts or circumstnces as known to him that there was a defense or he must have acted dishonestly. Benton *v.* Sikyta, 84 Neb. 808 (122 N. W. 61, 24 L.R.A. (NS) 1057) and Gerseta Corp. *v.* Wessex-Campbell Silk Co., 3 Fed. 2d 236. See Britton, "Bills and Notes," p. 407, § 100.

The allegations in the plea and answer of the defendant are insufficient as against the plaintiff, a holder of the notes in due course, to support the ruling of the Court of Appeals, that the payee of the notes was acting as the agent of the insurer and the insured, and the act of the agent in accepting the notes as payment of the premiums without the consent of the insurer was fraudulent and against public policy.

The Court of Appeals erred in its holding that the plea and answer set forth a defense to the action on the notes.

*Judgment reversed. All the Justices concur.*