40993. COMMERCIAL CREDIT EQUIPMENT CORPORATION v. REEVES et al.

DECIDED NOVEMBER 25, 1964.

*George W. Fryhofer,* for plaintiff in error.

*H. Cliff Hatcher,* contra.

FELTON, Chief Judge. The contracts in this case were executed before the effective date of the Uniform Commercial Code, January 1, 1964. "A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

(3) That he took it in good faith and for value; (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." *Code* § 14-502.

The only condition which is questioned is (3), above. The fact "[t]hat the plaintiff had knowledge of the consideration of the notes did not carry with it any notice of the failure of consideration, nor was it bound to make inquiry as to whether the consideration had or would fail. *Florence v. Commercial Bank of Athens,* 34 Ga. App. 329 (1) (129 SE 560), and *Hengstler v. Huguley-Scott Auto Co.,* 39 Ga. App. 287 (146 SE 645). . . To constitute bad faith by a purchaser of a negotiable instrument before maturity he must have acquired it with actual knowledge of its infirmity or with a belief based on the facts or circumstances as known to him that there was a defense or he must have acted dishonestly. Benton v. Sikyta, 84 Neb. 808 (122 NW 61, 24 LRA (NS) 1057) and Gerseta Corp. v. Wessex-Campbell Silk Co., 3 F2d 236. See Britton, 'Bills and Notes,' p. 407, § 100." *C. & S. Nat. Bank v. Johnson,* 214 Ga. 229, 231 (104 SE2d 123); *Code* § 14-506. "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." *Code* § 14-301. This presumption was strengthened in the present case by the following phrases in the notes: "Date property delivered: 12-12-60," and "Above seller hereby sells, and undersigned buyer hereby purchases on the terms and conditions set forth below and on the reverse hereof, the following personal property in its present condition, *delivery and acceptance of which buyer hereby acknowledges.* . ." (Emphasis supplied.) The evidence showed that the plaintiff did not have notice of the defects or the non-delivery of the machinery until February of 1961—2 and 3 months after the notes were transferred to it. Even if the evidence is construed to indicate that the plaintiff financed the sale of the machinery from the manufacturer to the seller, as well as the sale from the seller to the defendants, this is not sufficient to demand a finding that the plaintiff had such relationship with the manufacturer or the seller as to impute to it knowledge of

any defects or nondeliveries. There is no evidence of any facts which would put the plaintiff on notice that either the manufacturer or the seller was unreliable or dishonest, or which would show that the plaintiff was a party to any acts of fraud. On the contrary, it appeared that the plaintiff was merely the financing agency which happened to have financed both transactions, which fact, in itself, was not inconsistent with good faith. "The necessities of commercial life have impelled the courts to resort to the fiction that when a negotiable instrument is transferred, the legal title to it passes, so that the purchaser can sue on it in his own name and is therefore unaffected by defenses against it in the hands of the former owner . . . it is better that there should be an occasional instance of hardship than to have doubt and distrust hamper a common method of making commercial exchanges." 11 Am. Jur. 2d, 57, Bills and Notes § 36, citing Chemical Nat. Bk. v. Kellogg, 183 N.Y. 92 (75 NE 1103). The absence or failure of consideration is a matter of defense only as against a person not a holder in due course, *Code* §§ 14-305, 14-507, 14-509; *Swafford v. Certified Finance Co.,* 90 Ga. App. 83, 85 (82 SE2d 168); likewise, inadequacy of consideration does not prevent the holder of a note from enjoying the protection of a bona fide holder. *Hartfelder & Cochran v. Clark,* 10 Ga. App. 422 (1) (73 SE 608).

The verdicts and judgments were not authorized by the evidence; therefore the court erred in overruling the motions for judgments n.o.v. The judgments of the court are reversed with direction to enter judgments in accordance with the motions for judgments n.o.v.

*Judgments reversed with direction. Frankum and Pannell, JJ., concur.*