STATE OF NORTH CAROLINA v. ROY ALLEN WHISNANT.

(Filed 8 November, 1967.)

**Constitutional Law § 31—**

> Where defendant changes his plea from guilty to not guilty and requests the court to allow him time to obtain witnesses from other states, it is error for the court to force him to trial on the succeeding day, since under the facts of this particular case defendant was not given time to prepare for trial.

APPEAL by defendant from *Campbell, J.,* May 1967 Session Criminal Court of CALDWELL County Superior Court.

The defendant was charged in a bill of indictment with assault with a deadly weapon with the intent to kill his brother-in-law, James Albert Wheatley. He was brought before the court on 15 May 1967 at which time he was found to be an indigent, and counsel was appointed to represent him. After consultation with his attorney, the defendant was again brought into open court and pleaded guilty to an assault with a deadly weapon, a misdemeanor. The court informed the defendant that by entering this plea he was waiving his constitutional right to attack his alleged unlawful arrest. Upon this statement, the defendant requested that he be allowed to withdraw his plea of guilty and enter a plea of not guilty, which was allowed. The defendant then requested the court to continue his case while he could obtain witnesses from the State of West Virginia and the State of Florida. The record does not show what evidence the witnesses could have given, and the court denied the request. The defendant's attorney then requested the court to continue the case until the following week, which was also denied. The case was then tried, resulting in a verdict of guilty of assault with a deadly weapon, a misdemeanor; and from judgment of imprisonment for two years, the defendant appealed.

The State's evidence was sufficient to support a verdict of guilty

of the felonious charge, but in view of the disposition of the case we find it unnecessary to summarize it.

The defendant testified that he did not cut Wheatley and did not know who had.

*Paul L. Beck, Court appointed attorney for defendant appellant.*
*T. W. Bruton, Attorney General, and James F. Bullock, Deputy Attorney General, for the State.*

PER CURIAM. The defendant having plead guilty of assault with a deadly weapon in open court, it is to be presumed that the jurors were present and heard this plea. When it was withdrawn and the defendant placed on trial the next day, we can only assume that the jurors remembered this and that the defendant was thus placed in a prejudiced position in his trial.

While the court could not compel the attendance of witnesses from Florida and West Virginia, it is possible that had the case been continued for the term, or at least continued until the second week as requested by the defendant, that he might have been able to persuade them to come to Lenoir for his trial.

While only vague reasons were given for the motions to continue and to postpone the trial, counsel was entitled to a reasonable time in which to investigate the case against his new client.

In *State v. Whitfield,* 206 N.C. 696, 175 S.E. 93, Chief Justice Stacy said:

> "[T]he right of confrontation carries with it, not only the right to face one's 'accusers and witnesses with other testimony' (sec. 11, Bill of Rights), but also the opportunity fairly to present one's defense. . . . A right observed according to form, but at variance with substance, is a right denied." (showing citations.)
>
> "That a reasonable time for the preparation of a defendant's case should be allowed counsel appointed by the court to defend him commends itself, not only as a rule of reason, but also as a rule of law, and is so established by the decisions. Annotation, 84 A.L.R., 544."

The defendant assigns other alleged errors, but since they will probably not be repeated in a future trial, we find it unnecessary to discuss them.

New trial.