## RAMSPECK v. PATTILLO.

1. An agent of a fire-insurance company, authorized to contract for insurance in its behalf, can not, without the company's consent, become in his individual character the agent of a property-owner who desires to obtain insurance in that company. This is so for the reason that an agreement to act as agent for both of the parties would be an undertaking to perform inconsistent duties, and a mutual agency of this kind requires the consent of both parties.
2. A fortiori, a person who is such an agent of a particular insurance company can not be made individually liable to a property-owner for damages arising from the breach of a contract, either general or special, to which the company itself is not a party, and which is made "as agent" by the person first referred to, whereby he undertakes to keep the property of the other covered by insurance in that company, or to renew, upon the expiration thereof, a particular policy already in existence, the party seeking the insurance undertaking on his part to pay the premiums whenever bills for the same are presented.

Argued May 16,— Decided July 19, 1898.

Complaint for damages. Before Judge Reid. City court of Atlanta. September term, 1897.

*P. F. Smith,* for plaintiff.
*J. E. VanValkenburg,* for defendant.

SIMMONS, C. J. Ramspeck brought suit against Pattillo for breach of contract, the petition alleging: Defendant was agent of a certain insurance company, and had been, as such, insuring in said company plaintiff's property regularly during a period of from ten to twenty years, renewing all policies at their expiration with new policies in the same company, unless otherwise instructed by plaintiff, and sending bills for the premiums thereof to the plaintiff from time to time as suited defendant's convenience, which bills plaintiff had always paid, and which new and renewal policies plaintiff had always accepted. Some five years before the filing of the petition, this custom took the form of a more explicit agreement between plaintiff and defendant, whereby plaintiff promised to continue to insure his property with defendant, in preference to any other company or agent; and defendant bound himself to renew and rewrite all policies of plaintiff in said company as aforesaid, and to keep plaintiff's property, once placed with defendant, covered with insurance, plaintiff to pay all bills presented to him for premiums; and whereby it was agreed that none of plaintiff's property should become uninsured by mere expiration of the policy. The consideration for this agreement was, the mutual promises made by the parties; the convenience, profit, and increased business coming to Pattillo by reason of the agreement; the lessened labor of soliciting the insurance; the certainty of payment of premiums; the knowledge of the condition, title, and insurance of the property insured, and the consequent lessening of the risk; and the large sums of money paid not only for insurance but in consideration of the agreement, plaintiff having paid large sums in conformity to the agreement. Further, plaintiff refrained from seeking insurance elsewhere. Plaintiff was owner of certain land with a building thereon, regularly insured in defendant's company for $900, the policy to expire on January 23, 1893. Shortly before that time defendant requested plaintiff to renew the policy, stating that there had been an increase in the rate; and plaintiff agreed and instructed defendant to continue the insurance but in the amount of $750 and for a term of three years. All of this was agreed to, and memoranda made. Plaintiff thus became bound for the pre-

miums upon the policy, and paid all bills for premiums sent or presented to him thereafter by defendant, to amounts aggregating much more than the premiums of the above-mentioned policy. Plaintiff paid the premiums on the policy ordered, as he had agreed to do, and supposed that the policy had been written; but in fact this was never done, and the failure to do it was the result of defendant's negligence and in violation of their long, fixed, and uniform custom and the express agreement. Defendant did not notify plaintiff of the failure so to insure, but deceived plaintiff into the belief that the property was insured, and thus prevented his taking other insurance as he would have done had he known of defendant's failure to insure the property. This negligence continued until October 4, 1894, when the property was destroyed by fire, being a total loss. The property, at the time immediately preceding the loss, was worth more than $1,000, and had the policy been issued as promised, its full face value could have been collected. After the fire, plaintiff set about making his proofs of loss, and discovered then, for the first time, that the property was not insured at the time of the loss. The insurance company refused to pay the loss, holding itself not liable because no policy had been issued. By reason of the negligence and failure of defendant, plaintiff was damaged in certain amounts. The petition also alleged demand and refusal to pay, etc. To this petition Pattillo demurred upon the grounds, that it joined in the same action a claim arising out of breach of contract with an alleged tort growing out of negligence and deceit; and that it contained no cause of action against defendant. The court sustained the demurrer and dismissed the action, and to this plaintiff excepted.

The allegations of the petition, when reduced to their last analysis, mean that a contract was entered into by Pattillo, as agent of the insurance company, and Ramspeck, whereby Pattillo, for a valuable consideration, agreed to keep Ramspeck's property insured in companies represented by Pattillo, and that Pattillo negligently failed to keep insured one house which was destroyed by fire to the damage of Ramspeck. This was clearly a double agency on the part of Pattillo, imposing upon

him inconsistent duties.   The insurance company, having appointed Pattillo its agent, was entitled to his services and his best judgment and discretion in issuing policies upon property. It relied upon him entirely to select property on which was the least risk of fire and to properly classify the risks.   It was to Ramspeck's interest to have his property insured, whether the risk was small or great.   If Pattillo made this contract with Ramspeck, his duties were certainly conflicting.   He could not be faithful to the interests of the company, procuring for it the best risks, and be at the same time faithful to Ramspeck by insuring his property though the risk might be undesirable to the company.   The law will not permit an agent to assume such conflicting duties, and declares that such contracts are against public policy.   "An agent can not make a valid contract where, in the same transaction, he acts as agent for both parties."   1 Am. & Eng. Enc. L. (1st ed.) 380.   In the case of *Croghan* v. *N. Y. Underwriters' Agency*, 53 *Ga.* 109, McCay, J., in speaking of this question, said :   "Now, it is not competent for one to employ an insurance agent to effect an insurance or renewal in the agent's own company.   He can not take the agency of one wishing to insure, without the consent of his principal.   To be agent for both parties to a contract is to undertake inconsistent duties, and such a mutual agency requires the consent of both principals to the mutuality of the agency."   In the case of Rice *v.* Wood, 113 Mass. 133, 18 Am. Rep. 461, Devens, J., after stating the facts of the case, said :   "It was therefore an agreement which placed the plaintiffs [agents] under the temptation to deal unjustly with the owner of the real estate. Walker *v.* Osgood, 98 Mass. 348.   Contracts which are opposed to open, upright, and fair dealing are opposed to public policy.   A contract by which one is placed under a direct inducement to violate the confidence reposed in him by another is of this character."   In the case of Farnsworth *v.* Hemmer, 1 Allen, 494, 79 Am. Dec. 756, the court said :   "It is of the essence of his [the agent's] contract that he will use his best skill and judgment to promote the interest of his employer. This he can not do, where he acts for two persons whose interests are essentially adverse.   He is therefore guilty of a breach

of his contract. Nor is this all. He commits a fraud on his principals in undertaking, without their assent or knowledge, to act as their mutual agent, because he conceals from them an essential fact entirely within his own knowledge, which he was bound, in the exercise of good faith, to disclose to them. Story on Agency, § 31; Copeland v. Mercantile Ins. Co., 6 Pick. 198, 204; Pugsley v. Murray, 4 E. D. Smith, 245; Rupp v. Sampson, 16 Gray, 398 [77 Am. Dec. 416]." See also Mechem, Agency, §§ 66, 67; Civil Code, § 3010. Such being the law, it is clear that Ramspeck can not recover from Pattillo, the agent, upon the contract which he alleges he made with him as agent, although Pattillo failed and neglected to perform. The court, therefore, did not err in holding that no cause of action was set out in the petition.

Judgment affirmed. All the Justices concurring.