MANIS *v.* PRUDEN.

LUMPKIN, J. 1. This case is controlled by the decision in *Ramspeck* v. *Pattillo,* 104 *Ga.* 772 (30 S. E. 962, 42 L. R. A. 197, 69 Am. St. R. 197), where it was held that an agent representing a fire-insurance company, authorized to contract for insurance in its behalf, can not, without the company's consent, become in his individual character the agent of a property-owner who desires to obtain insurance in such company, for the reason that an agreement to act as agent for both parties in such a transaction would be an undertaking to perform inconsistent duties,

and a mutual agency of this kind requires the consent of both parties. *Phœnix Ins. Co.* v. *Hamilton,* 110 *Ga.* 14 (35 S. E. 305); *Sessions* v. *Payne,* 113 *Ga.* 956 (39 S. E. 325).

2. The contention that the facts in the present case differentiate it from those just cited was not well taken. Here it was alleged, that the agent represented a number of insurance companies, and had authority to accept applications on behalf of such companies and to issue policies of insurance; that the plaintiff had been accustomed for several years to insure his residence by merely telling the defendant that he wished so much insurance upon it, and the defendant would agree to issue it, and in most instances the plaintiff would never see the policy but would pay the premium due when the defendant would send him a statement thereof; and that this was the custom with a large proportion of the people dealing with the defendant; that on a certain day the plaintiff informed the defendant that he wanted to procure with him insurance to a certain amount in some fire-insurance company represented by the defendant, upon a barn and its contents, and the defendant stated that he would examine the rates of the different companies represented by him, on this class of property, and would issue to the plaintiff a policy that day in the sum stated upon the property mentioned; that he did not do this, and about a month thereafter the barn was burned without being insured. Under these allegations the agent owed to his company certain duties as to issuing or not issuing a policy upon the property described, and to make him the agent of the intended insured, so as to bind him to obtain a policy in one of the companies represented by him, would be to impose upon him a dual agency with conflicting duties to his two principals, which could not be done without the knowledge or consent of the insurance company from which the policy was to be obtained.

3. If the plaintiff's allegations were sufficient to set out a contract between him as an owner of the property which he desired to have insured, and the agent representing several fire-insurance companies and having authority to act for them, in one of which the plaintiff desired to have the property insured, so as to make the agent of such company or companies, representing them in the effecting of insurance, also the agent of the property-owner for the purpose of obtaining the insurance from one of such companies, and that without the knowledge or consent of the company to be affected, such contract, being contrary to public policy, did not create a duty on the part of the insurance agent to procure insurance in such company for the plaintiff, or render him liable in damages for a failure to do so.

*Judgment affirmed. All the Justices concur.*

MAY 15, 1916.

Action for damages. Before Judge Fite. Whitfield superior court. April 5, 1915.

*George G. Glenn* and *M. C. Tarver,* for plaintiff.

*W. C. Martin,* for defendant.