## TOWNSEND *v.* RECHSTEINER.

No. 14384.  FEBRUARY 11, 1943.  REHEARING DENIED MARCH 11, 23, 1943.

*Weir S. Gaillard,* for plaintiff.

*E. C. Brannon* and *Boyd Sloan,* for defendant.

BELL, Presiding Justice.  Mrs. Marion S. Townsend brought an action against C. U. Rechsteiner, to recover land and mesne profits. The suit was in the statutory form, and the petition as amended alleged title in the plaintiff (1) by chain of title from the State, and (2) by twenty years adverse possession by plaintiff and her predecessors in title.  A general and special demurrer to the petition was overruled after an amendment had been filed by the plaintiff, and no exception was taken to this ruling.  On the trial, after the plaintiff had introduced evidence and rested, the defendant moved for a nonsuit, which the court refused.  After introduction of evidence by both parties had been concluded, the judge overruled a motion of the defendant for a directed verdict in his favor.  The jury found in favor of the plaintiff.  The defendant moved for a new trial on the general grounds, and by amendment added a ground complaining of a ruling admitting in evidence, over stated objections, one of the deeds on which the plaintiff relied, being the first deed after the grant from the State, as hereinafter stated.  The judge ordered "that a new trial be and the same is hereby granted, and the motion for new trial as amended is hereby sustained."  To this judgment the plaintiff excepted.

The case presents an instance of the first grant of a new trial,

and some reference to the evidence will therefore be made. The grant from the State was made in 1830 to "Jesse Hatcher's Orphans of Walden's District, Jefferson County." The next link in the plaintiff's chain was a deed executed in Jefferson County in 1842, by Spencer Wooten, John Davidson, Solomon Hatcher, Malaney Hatcher, and James M. Hatcher, purporting to convey the same lot to Charles B. Leitner, and referring to it as the lot "originally granted to the Orphans of Jesse Hatcher," and recorded in 1882. The petition as amended alleged that these grantors were the orphans of Jesse Hatcher, but there was no extraneous evidence to this effect, the plaintiff depending on "concordance of names" and the other circumstances shown by the deed itself. Next were three deeds to the plaintiff as grantee, each conveying grantor's "undivided interest [in the lot of land in controversy], bequeathed to grantor and others by the will of Charles B. Leitner, recorded in will book 'A' pages 254 and 255 in probate court of Bullock County, Alabama, Nov. 8, 1897." These deeds were executed in January, 1931, the first being by Mrs. Homer M. Howard, the second by Mrs. Jessie. A. Hollingsworth, and the third by Mrs. Flora C. Redd, as grantors. The petition alleged that these three grantors were daughters of Charles B. Leitner; and that while he had devised this land to them and to his wife and his son John, the wife and son had predeceased him, leaving these three grantors as his sole surviving heirs and legatees. The evidence showed that the wife and son had predeceased Charles B. Leitner, as alleged, but it further appeared from the evidence that he married a second time, and that his second wife survived him. The abstract attached to the petition and expressly made a part of it referred to a will of Charles B. Leitner, recorded in the State of Alabama, as one of the muniments of title; but a certified copy as offered in evidence was excluded on objection of the defendant, on the ground that the will appeared to have been executed in the presence of only two subscribing witnesses. The plaintiff did not except to that ruling.

The plaintiff contends in this court that even under the true law the evidence demanded the verdict in her favor; but she also contends that regardless of this question, the antecedent rulings, namely, the overruling of a general demurrer to the petition, the refusal to grant a nonsuit, and the further refusal to direct a

verdict in favor of the defendant, each constituted an adjudication in her favor, and so determined the law of the case that under the pleadings and the evidence the verdict in her favor was demanded. For these reasons, she contends that the court erred in granting even a first new trial.

There is no merit in the contention relating to the law of the case, under the facts of the record. Nor did the evidence otherwise demand the verdict in the plaintiff's favor. As to paper title, the evidence did not show conclusively and as a matter of law that the grantors in the first deed after the grant from the State were the persons to whom the land was granted; and for this reason the verdict as returned was not demanded, whether or not it may have been authorized. Nor was the evidence such as to require a verdict in the plaintiff's favor upon the theory of prescriptive title by adverse possession for twenty years, as alleged in her petition. It follows that the judgment granting the first new trial can not be disturbed by this court.

Since the judge has granted a new trial, thus indicating that he desires to deal with the case again, we go no further than to show that he may lawfully do so. Compare *Fenn* v. *New Orleans Mutual Insurance Co.,* 53 *Ga.* 578 (2) ; *Haynie* v. *Watson,* 70 *Ga.* 707; *Swint* v. *Central Railroad,* 75 *Ga.* 888. Accordingly, no ruling is made in reference to the subsequent deeds under which the plaintiff claims, or the extraneous evidence relating to them. The legal principles and authorities on which we mainly base our decision are indicated in the headnotes, which do not require further elaboration. *Judgment affirmed.   All the Justices concur.*