37087. GEORGIA INSURANCE SERVICE, INC. *v.* WISE.

DECIDED APRIL 15, 1958.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher,* for plaintiff in error.

*Henry J. Heffernan,* contra.

NICHOLS, Judge. 1. The defendant's special demurrers sought to have stricken those allegations of the plaintiff's petition which alleged that the defendant was the plaintiff's *agent.* If such allegations should have been stricken because the allegations otherwise showed that the defendant was not the plaintiff's agent, then the general demurrer also should have been sustained; however, if the petition was not subject to such criticism then the petition was good as against the general demurrer. The allegations of the plaintiff's petition, omitting formal parts, were substantially as follows: Dora Wise sued Georgia Insurance Service, Inc., alleging that that defendant is engaged in the business of soliciting and procuring insurance for members of the public and, in the conduct of said business, acts as agents for those by whom it is engaged to procure insurance and for those persons of whom insurance business is solicited; that the defendant was her agent in procuring fire and extended coverage

on her home in Augusta in the sum of $2,000 and procured such insurance for the years 1953, 1954 and 1955; that the last policy procured by the defendant for the plaintiff in the Netherlands Insurance Company of Hartford, Connecticut expired on August 13, 1956; that her property was destroyed by fire on November 9, 1956, and thereafter the defendant notified her that it had not been able to renew or procure insurance for her and that no insurance had been in effect since August 13, 1956; that the defendant, as her agent, owed her the duty to have her insurance renewed or to procure insurance for her, and upon its failure to renew the policy or procure insurance or notify her of its inability to do so, it became liable to her for her loss since she had confidence in and relied upon the defendant to keep her property insured since she was uneducated and uninformed and the defendant had full knowledge of these facts; and that had she been so notified, other insurance could have been procured.

In support of the contention that it was the agent of the insurance company and not the agent of the plaintiff the defendant relies on that line of cases exemplified by *Ramspeck* v. *Pattillo*, 104 *Ga.* 772 (30 S. E. 962, 42 L.R.A. 197, 69 Am. St. R. 197), *Phoenix Ins. Co.* v. *Hamilton & Co.*, 110 *Ga.* 14 (35 S. E. 305), *Manis* v. *Pruden*, 145 *Ga.* 239 (88 S. E. 967), and *Gann* v. *Zettler*, 3 *Ga. App.* 589 (60 S. E. 283). These cases are based on the well settled rule of law that an agent cannot serve two masters without the consent of both where there exists a conflict of interest. The above cited cases decided by the Supreme Court deal with circumstances wherein agents authorized to write insurance policies apparently attempted also to become the agent of the persons on whose property insurance was written. The above cited case decided by this court deals with a situation wherein a real-estate broker sought to represent both a prospective seller and a prospective purchaser without both parties being so advised. Clearly these cases are distinguishable on their facts from the case here under consideration, for the allegations of the plaintiff's petition nowhere show that the defendant had any authority to write any policy of insurance covering any property or to decide on what property insurance would be written. Nor does Code § 56-501 which states in substance, among other things,

that a person performing the tasks allegedly performed by the defendant corporation is an agent of the insurance company, inasmuch as that statute, codified from the Act of 1887 (Ga. L. 1887, pp. 113, 121), defines those persons who are required to have a license to sell insurance and has no bearing upon a case like the one sub judice. In *Thomas* v. *Funkhouser*, 91 *Ga.* 478 (18 S. E. 312), decided in 1893, where an agent of the insured who, as a part of his duties as the insured's agent, was to see that the property of his principal was covered by fire insurance, it was held that such agent was the agent of the insured and not the agent of the insurance company. Therefore, it cannot be said that every person who procures insurance to cover the property of someone other than himself is the agent of the company from whom the insurance is purchased and not the person for whom the insurance is sought.

As shown above the allegations of the plaintiff's petition do not show that the defendant had any authority to write any policy of insurance for any insurance company, nor can it be inferred that it had the authority to decide on what property policies would be issued. Therefore, even when the allegations of the plaintiff's petition are construed most strongly against her, as must be done when considering a general demurrer, the petition alleges that the defendant was the agent of the plaintiff and not the agent of the insurance company. The cases relied on by the defendant to show a dual agency are not applicable to the facts as alleged in the present case, and under the authority of *Thomas* v. *Funkhouser*, 91 *Ga.* 478, supra, every person who procures insurance for another is not, as a matter of law, the agent of the insurance company.

The allegations to the effect that the defendant was the plaintiff's agent at the time complained of in the petition and as such agent was required to do the acts which it was alleged that the defendant negligently failed to do, not being contradicted by other allegations of fact, were sufficient allegations of agency to withstand either a general or special demurrer. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (2) (58 S. E. 2d 559); *Pickard* v. *Gregory*, 88 *Ga. App.* 475, 477 (76 S. E. 2d 860); *Chamberlin Co. of America* v. *Mays*, 92 *Ga. App.* 173, 175 (88

S. E. 2d 176). Therefore, the trial court did not err in overruling the demurrers to the petition.

2. The defendant's motion for new trial is based on the usual general grounds only, and therefore, the sole question for decision here is whether the judgment rendered by the trial court, who heard the case without the intervention of a jury, was authorized by the evidence.

"While a judgment overruling a general demurrer to a petition, unless excepted to and reversed, will constitute an adjudication that the petition states a cause of action, and that on proof of its allegations the plaintiff will be entitled to recover, it does not determine what evidence will *prove* the allegations, or that any particular evidence will *demand* a finding in favor of the plaintiff. Code § 110-104; *Turner* v. *Willingham,* 148 *Ga.* 274 (2) (96 S. E. 565); *Allen* v. *Schweigert,* 113 *Ga.* 69 (2) (38 S. E. 397)." *Townsend* v. *Rechsteiner,* 195 *Ga.* 618 (2) (24 S. E. 2d 776).

While the plaintiff introduced evidence to prove the allegations of her petition to the effect that the defendant had procured the insurance covering her house for the past several years, that she had relied on it, and that she was not advised until after the fire that the policy covering her house had not been renewed or that other insurance had not been procured, she also introduced in evidence the policy of insurance which had expired prior to the fire, and such policy was signed by an officer or agent of the defendant corporation for the corporate defendant. This evidence had the effect of bringing the case within the law pronounced in the cases relied on by the defendant in support of its demurrers: *Ramspeck* v. *Pattillo,* 104 *Ga.* 772; *Phoenix Insurance Co.* v. *Hamilton & Co.,* 110 *Ga.* 14; *Manis* v. *Pruden,* 145 *Ga.* 239; and *Gann* v. *Zettler,* 3 *Ga. App.* 589; all supra. Accordingly, the evidence demanded a finding that even if the defendant had attempted to become the plaintiff's agent, it would have been a void gesture, inasmuch as no evidence was adduced on the trial to show that the insurance company had any knowledge of any such proposed dual agency.

Therefore, the evidence demanded a finding for the defendant and the judgment denying the defendant's motion for new trial must be reversed.

*The judgment overruling the defendant's demurrers is affirmed; the judgment denying the defendant's motion for new trial is reversed. Felton, C.J., and Quillian, J., concur.*