37094. RENAS, Administratrix *v.* ATLANTA REALTY COMPANY, INC.

DECIDED APRIL 21, 1958—REHEARING DENIED MAY 7, 1958.

592

*Nall, Sterne, Miller, Cadenhead & Dennis, Donald M. Fain,* for plaintiff in error.

*J. F. Kemp, J. D. Tindall, Jr.,* contra.

FELTON, Chief Judge. The plaintiff in error contends that this case falls within the exceptions stated in *Crogham* v. *New York Underwriters' Agency,* 53 *Ga.* 109, *Ramspeck* v. *Pattillo,* 104 *Ga.* 772 (30 S. E. 962, 42 L.R.A. 197, 69 Am. St. R. 197) and other like cases because her petition shows that the defendant had the consent of its principal-insurers to act also as agent for insureds or prospective insureds. If this were true the defendant would be liable to the plaintiff for failure to procure a renewal of the policy on the automobile. *Bell* v. *Fitz,* 84 *Ga. App.* 220 (66 S. E. 2d 108). However, construing the petition most strongly against the plaintiff on general demurrer, she does not allege such consent. The plaintiff alleges that the custom and practice of the defendant in acting as agent for insureds and prospective insureds in renewing policies and in procuring policies was acquiesced in and approved by the companies the defendant represented or some of them. Properly construed, this allegation is that only "some" of the companies the defendant represented consented to the defendant's acting as a dual or common agent; therefore, there were some companies represented by the defendant which did not so consent. The plaintiff alleges

that the defendant was to procure a "renewal" of the policy on the automobile. The only reasonable construction that can be placed upon this allegation on consideration of the general demurrer is that the existing policy on the automobile would be renewed with the same insurer. Consequently, consent of that particular principal-insurer must be shown to have existed before the defendant could act as agent of the plaintiff in procuring the renewal of the policy. No such specific consent is shown and it is not shown that that particular insurer was one of the companies which acquiesced in and consented to the custom and practice of the defendant's representation of insureds in the renewal or procurement of insurance coverage.

The plaintiff did not allege that the defendant did not represent, as agent, the company which had issued the existing policy on the automobile (in which case the defendant could have acted as the plaintiff's agent in the capacity of a broker in procuring that company's renewal of the existing policy) nor did the plaintiff allege that the defendant did represent that company as agent and that such company was one which had given its consent for the defendant to serve as a dual or common agent.

Since the only construction that can be placed on the petition is that the plaintiff knew the defendant was an insurance agent and not an insurance broker and it is not shown that the principal-insurer with whom the renewal was to be effected consented to the dual or common agency, the petition does not state a cause of action.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*