42435. SUTKER et al. v. PENNSYLVANIA INSURANCE COMPANY et al.

EBERHARDT, Judge. This action upon an insurance contract was amended by adding three counts seeking, inter alia, a reformation of the contract to include a coverage for loss sustained by the insured from the negligent act of an uninsured motorist. The petition, as thus amended, was dismissed upon general demurrer.

The amendment of the petition, seeking reformation of the contract, converted the action from one at law to one in equity, and hence the Supreme Court rather than the Court of Appeals, has jurisdiction of the appeal. Art. VI, Sec. II, Par. IV, Constitution of 1945 (*Code Ann.* § 2-3704); *American Associated Companies v. Vaughan,* 210 Ga. 141, 144 (1) (78 SE2d 43); *Benton v. Benton,* 164 Ga. 541 (139 SE 68); *Dixie Belle Mills v. Specialty Machine Co.,* 103 Ga. App. 478 (2) (120 SE2d 54). "The jurisdiction of [the Supreme Court] is not limited to good cases in equity, but will embrace both good and bad equity cases." Consequently, "even though [the petition, as amended] may not state a valid and subsisting cause of action for [equitable] relief," it is within that court's jurisdiction. *O'Callaghan v. Bank of Eastman,* 180 Ga. 812, 818 (180 SE 847). The appeal is accordingly

*Transferred to the Supreme Court. Bell, P. J., and Jordan, J., concur.*

ARGUED NOVEMBER 9, 1966—DECIDED NOVEMBER 15, 1966.

*Kravitch & Hendrix, Aaron Kravitch, Bart E. Shea,* for appellants.

*Brannen, Clark & Hester, Perry Brannen, Richardson, Doremus & Karsman, W. Ward Newton,* for appellees.