42665.   SUTKER et al. v. PENNSYLVANIA
INSURANCE COMPANY et al.

ARGUED MARCH 6, 1967—DECIDED APRIL 5, 1967—
REHEARING DENIED APRIL 25, 1967—

*Kravitch & Hendrix, Bart E. Shea, John W. Hendrix, Aaron Kravitch,* for appellants.

*Richardson, Doremus & Karsman, W. Ward Newton, Brannen, Clark & Hester, Perry Brannen,* for appellees.

EBERHARDT, Judge. On the first appearance of this case in this court we held that the amendment to the petition seeking reformation of the amendment to the insurance policy converted the action from one at law to one in equity, and accordingly we transferred the appeal to the Supreme Court. *Sutker v. Pennsylvania Ins. Co.,* 114 Ga. App. 627 (152 SE2d 578). The Supreme Court remanded the case to this court, holding: "In determining whether an action brought in the superior court is in equity or law both the allegations and the prayer must be

examined, and where as in the case sub judice the reformation of a contract is prayed for but the allegations of the petition fail to allege fraud or mutual mistake, the action seeking a money judgment is one at law and not in equity. Accordingly, the Court of Appeals and not this court has jurisdiction of the appeal." *Sutker v. Pennsylvania Ins. Co.,* 223 Ga. 58 (153 SE2d 540).

The trial court construed the petition as an action ex contractu and sustained the general demurrers on that basis. Plaintiffs contend vigorously in this court, however, that this is not a suit upon an insurance contract, written or oral, but is a tort action seeking damages because of the misfeasance or nonfeasance of Hornstein, as the servant and agent of the insurance company, in negligently failing to procure a written amendment to the insurance policy which would have provided the requested uninsured motorist coverage. It is contended that there was an oral contract between plaintiffs and Hornstein which created a legal duty on Hornstein's part to procure the written amendment as requested, and that the neglect or omission of that duty and the misfeasance of Hornstein in carrying out the duty, acting within the scope of his employment as servant or agent of the insurance company, constitutes a tort for which Hornstein is personally liable and for which the company is jointly liable under the doctrine of respondeat superior. The gist of plaintiffs' contention is that they have elected under *Code* § 105-105 to waive suit on contract and to sue both defendants for a tort founded upon a contract with Hornstein, and we will so treat the case. *Mauldin v. Sheffer,* 113 Ga. App. 874 (150 SE2d 150). No contention is made that the Uninsured Motorist Act (Ga. L. 1963, p. 588, as amended; *Code Ann.* § 56-407.1), applicable to policies issued or delivered after January 1, 1964, is involved here.

Since we conclude that this case does not fall within the class of cases where a suit for tort founded upon contract can be maintained, we assume, but do not decide, that the allegations of the petition sufficiently show that Hornstein made a legally binding promise to Dr. Sutker which he negligently breached, proximately resulting in the loss complained of, and

that Mrs. Sutker is a proper party plaintiff in Counts 2 and 5. Defendants contest these assumptions and make other contentions with which it is unnecessary to deal in our view of the case.

In *Mauldin v. Sheffer*, 113 Ga. App. 874, supra, we reviewed the cases dealing with tort founded upon contract, and we will not reiterate all that was said there. The following quotations should suffice: "From the foregoing authorities it can be seen that it is not in every case where a contract has been breached that a right accrues to the opposite party to make an election [Citations]. The rule which affords an election to sue ex delicto or ex contractu in cases involving a breach of a duty implied by reason of a contractual relation has been applied to contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and possibly other well recognized relations. . . From the authorities to which we have referred and from others which we have examined, the rule may be fairly deduced that in order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. [Citations]. This is consistent with the definition of a tort set forth in *Code* § 105-101. 'Duty imposed by law' as used in this context means, of course, either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts of the State or jurisdiction involved. The question in this case then resolves itself to whether the petition sufficiently alleges the violation of such a 'duty imposed by law.' "

Recovery has been allowed in this state for failure to keep property insured where the defendant is shown to be *plaintiff's* agent. *Thomas v. Funkhouser*, 91 Ga. 478 (18 SE 312) (defendant was apparently plaintiff's specifically appointed general agent rather than an insurance agent or broker). Recovery has also been allowed in an action ex contractu for the breach of a contract of agency to secure insurance. *Bell*

*v. Fitz*, 84 Ga. App. 220 (66 SE2d 108) (defendant was a warehouseman holding plaintiffs' goods); *Farmers & Merchants Bank v. Winfrey*, 89 Ga. App. 122 (78 SE2d 818) (defendant bank agreed with plaintiff to procure insurance on property conveyed by plaintiff to secure a loan); *Home Bldg. & Loan Assn. v. Hester*, 213 Ga. 393 (99 SE2d 87) (loan association agreed to procure term life insurance to cover balance due on loan); *Consumers Fin. Corp. v. Lamb*, 217 Ga. 359 (122 SE2d 101) (automobile dealer and finance company agreed to procure credit life insurance as agents for plaintiff). And see *Beiter v. Decatur Fed. Sav. &c. Assn.*, 222 Ga. 516 (150 SE2d 687), where recovery was allowed to the limit of the life insurance policy which defendant savings and loan association undertook, as agent of plaintiff, to procure and keep in force on the life of plaintiff's husband, as additional security for the loan, but which it failed to do, falsely representing that the insurance was in force and retaining the monthly premiums which plaintiff paid on the non-existent policy; *Farlow v. Barton*, 60 Ga. App. 287 (3 SE2d 777), involving questions of evidence in a suit for breach of contract by the seller of an automobile to procure collision insurance on the automobile sold; *Atlas Auto Finance Co. v. Atkins*, 79 Ga. App. 91, 95 (1) (53 SE2d 171), where defendant was allowed to plead in recoupment against the foreclosure of a title retention contract the failure of plaintiff to provide insurance on the automobile involved; and *North American Loan &c. Assn. v. Dykes*, 58 Ga. App. 457 (198 SE 831), which upheld a cause of action as for a tort where the petition alleged that defendant, in purchasing a retention-of-title contract on plaintiff's automobile preparatory to refinancing it with plaintiff's permission, exceeded and misrepresented the authority given by plaintiff and caused insurance on the automobile to be canceled.

It will be observed that the above cases allowing recovery for breach of contract to procure insurance do not involve insurance agents or brokers but deal with agency relationships of a general nature where the promisor undertook to procure insurance as an incident of that relationship, which was itself in some instances an incident of some other relationship, such

as bailor-bailee, mortgagor-mortgagee, debtor-creditor, etc. Absent actionable fraud and deceit, however (*Seabrook v. Underwriters Agency*, 43 Ga. 583; *Williams v. Neal*, 52 Ga. App. 553 (183 SE 650); *Crozier v. Provident Life &c. Ins. Co.*, 53 Ga. App. 572 (186 SE 719); *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731), conformed to in *Kelly v. Georgia Cas. &c. Co.*, 105 Ga. App. 104 (123 SE2d 711); *Pope v. Ledbetter*, 108 Ga. App. 869 (134 SE2d 873)), it appears settled that there is no liability in *tort* for failure of the defendant insurance agent or broker to procure or have renewed a policy of insurance where the defendant is the *insurance company's* agent and not the plaintiff's agent. *Georgia Ins. Serv. v. Wise*, 97 Ga. App. 461 (103 SE2d 445); *Fields v. Goldstein*, 97 Ga. App. 286 (102 SE2d 921), affirmed "after careful consideration" in 214 Ga. 277 (104 SE2d 337). See *Renas v. Atlanta Realty Co.*, 97 Ga. App. 590 (103 SE2d 637), where it does not appear clearly on what theory the demurrable suit was brought. And there is no liability in *contract* for failure of defendant insurance agent or broker to perform a promise to procure a modification of a policy absent an agency relationship between plaintiff and defendant. *Fields v. Goldstein*, supra. And see *Renas v. Atlanta Realty Co.*, supra. Perhaps the rule of these latter cases in regard to liability of the agent in contract is that where suit is brought against the agent of the insurer for breach of contract to issue insurance and the agency is disclosed, the agent is not liable where he has not made an individual undertaking or comes under some other exception to the general rule.

But whatever may be the rule in regard to the liability in contract of an insurer and its agent for failure to effect insurance in accordance with an oral understanding between plaintiff and the insurer's agent, it is clear that the cases dealing with tort actions for negligent failure to procure or renew insurance are consistent with the principles enunciated in *Mauldin v. Sheffer*, 113 Ga. App. 874, supra, and the cases cited therein, viz., absent a contract which raises a duty imposed by law, such as the duties flowing from an agency relationship, there is no tort liability for breach of the contract. Since plaintiffs have chosen to treat Hornstein as the agent of the insurance company, and

since our attention has not been called to any other "duty imposed by law" which either Hornstein or the insurance company owed to plaintiff, the petition failed to state a cause of action for tort founded upon contract. Accordingly, the judgment must be

*Affirmed. Felton, C. J., and Hall, J., concur.*

## ON MOTION FOR REHEARING.

Several contentions are now urged upon us for the first time, two of which if meritorious would have the effect of bringing the petition within the holding of the main opinion, and another which, if meritorious, would establish an independent ground of recovery. It is urged that we "misread and misconstrued the petition and concluded wrongfully that: (a) There had been no [agency?] relationship between the plaintiff and the defendant agent; and (b) that there had been no fraud or deceit or misrepresentation." It is also contended that we should bring insurance agents within the exceptions indicated in *Mauldin v. Sheffer,* 113 Ga. App. 874, supra, so as to impose upon them duties existing apart from mere contractual obligations.

### Agency.

It is contended that there is nothing in the petition to show that Hornstein was not an agent of the Sutkers. Plaintiffs-appellants charge: "The court has no right to assume facts that were not pleaded."[1] This statement is correct. We did not assume that Hornstein was the agent of the Sutkers because *no such agency relationship was pleaded.* Furthermore the pos-

---

[1] We are also charged with supplying the words "would be issued shortly" in the statement of facts. Attention is directed to Paragraph 5 of the second amendment where it is alleged that Hornstein assured Dr. Sutker that "a written endorsement *would be issued shortly* to cover said changes at the premium charged for said insurance coverage." Whether it was understood the written endorsement was to be issued "shortly," "immediately," or even "instantaneously with the telephone conversation" would have no bearing on the main opinion, for we assumed there for the purpose of argument that Hornstein improperly performed, or did not perform at all, what he had undertaken.

itive allegations of the petition place Hornstein as the agent and servant of the insurance company, acting in the prosecution of the company's business and within the scope of his authority. The policy and amendment in question were countersigned by Hornstein; hence if a dual agency could be contended for now, although not pleaded, plaintiffs would be met with the rule of *Georgia Ins. Serv. v. Wise,* 97 Ga. App. 461, supra, since there are no allegations that the insurance company had any knowledge of any such proposed dual agency.

*Fraud and deceit.*

It is now contended that Hornstein was not merely negligent but was guilty of fraud, deceit, and misrepresentation. "'In Georgia the essential elements of a cause of action for the common-law tort of deceit based upon fraud have been stated to be: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Snow's Laundry &c. Co. v. Georgia Power Co.,* 61 Ga. App. 402, 405 (6 SE2d 159).' *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846, 847 (125 SE2d 717)." *Daugert v. Holland Furnace Co.,* 107 Ga. App. 566, 569 (130 SE2d 763). It is not necessary to test the petition by each one of these elements but only to point out that the petition is devoid of any allegations which would support element (4), the speaker's knowledge of its falsity or ignorance of its truth; for in alleging that a defendant insurance agent was guilty of fraud and deceit in making misrepresentations concerning an insurance binder or amendment, it must be alleged, in the context of this case, that the agent represented that he had issued the amendment or provided coverage when he knew that he had not, or that he promised that he would issue an amendment when in fact he had no intention of doing so. Cf. *Clark v. Kelly,* 217 Ga. 449, supra. This petition simply was not drawn on the theory of fraud and deceit, and the contention is made for the first time in this motion. Suffice it to say that the Supreme Court has settled the law of

the case on this issue adversely to plaintiffs in *Sutker v. Pennsylvania Ins. Co.*, 223 Ga. 58, supra, where it was held that the petition failed to allege fraud.

### Duty imposed by law.

It is next contended that we erred in failing to bring insurance agents within the exceptions indicated in *Mauldin v. Sheffer,* supra, since under *Code Ann. Ch.* 56-8B insurance agents such as Hornstein are regulated and are required to obtain licenses to do business in Georgia. We are unable to hold, simply because insurance agents are required to be licensed and are subject to having their license revoked, that the purely contractual relation, if any there be, between a would-be insured and the agent of an insurance company constitutes a "well recognized relation" within the meaning of *Mauldin v. Sheffer.* Insurance agents were similarly regulated when the decisions were handed down in *Georgia Ins. Serv. v. Wise,* 97 Ga. App. 461; *Fields v. Goldstein,* 97 Ga. App. 286 and *Renas v. Atlanta Realty Co.,* 97 Ga. App. 590, all cited in the main opinion. See Code of 1933, Ch. 56-5, as amended, Ga. L. 1956, p. 505. Perhaps insurance agents and brokers should be held to the standards of fiduciaries in their dealings with the public irrespective of agency concepts; but since *Fields v. Goldstein* was affirmed by the Supreme Court, we must follow it and the other cases espousing the same principles.

Accordingly the motion for rehearing must be

*Denied.*