BERTRAM EMANUEL, Plaintiff

v.

GREAT AMERICAN INSURANCE COMPANY and BRADLEY AND FRANCOIS, INC., Defendants

Civil No. 75-482

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 16, 1976

**CHRISTIAN,** *Chief Judge*

MEMORANDUM

The motions before me for consideration are a motion for summary judgment by defendants Great American Insurance Company (GAIC) and Bradley & Francois, Inc. (BFI) and one for leave to file an amended complaint by plaintiff Emanuel. I will deal with these motions in reverse order.

Defendants, in their memorandum in opposition to plaintiff's motion for leave to file an amended complaint, contend that they will be severely prejudiced if the Court grants the motion. They claim that the amended complaint is "a total revision" of the original pleading and, that, since the incident out of which this law suit arose occurred on November 28, 1968, the memory of the person who would be the central witness at trial "has been seriously affected."

I do not agree with defendants' position, and hold that the motion for leave to amend should be granted. The amended complaint is by no means "a total revision" of the initial complaint. It merely amplifies the original and supplies additional details. Moreover, the amended complaint was submitted to this Court on December 10, 1975, less than five months after the original complaint was filed. I do not see how—in light of defendants' having been put on ample notice of the issues by the initial complaint—these intervening few months could make any substantial difference in defendants' ability to defend in this suit. Motions for leave to amend should be freely given, and I see no reason to do otherwise in this case.

Disposition of the motion for summary judgment is not nearly as facile. It asserts two basic arguments: 1) Plaintiff's claims are barred by the statute of limitations; 2) Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendants argue that plaintiff's complaint sounds in tort (breach by BFI of its duty to provide competent professional service as an insurance agent; derivative liability of GAIC, for which BFI acted as general agent) and in contract (implied contract between plaintiff's assignor and BFI, including agreement by BFI to secure insurance coverage for the assignor).

Defendants contend that under 5 V.I.C. § 31(3)(A) and (5)(A), which provide for a two-year limitation period on tort actions and a six-year limitation period on contract actions respectively, none of plaintiff's claims were timely filed. Defendants assert that plaintiff's tort claim accrued either on December 3, 1968, when BFI negligently allowed plaintiff's liability insurance to lapse, see Restatement of Torts, § 899, Comment C, see also Atkins v. Crosland, 417 S.W.2d 150 (Tex. 1967); Jackson v. General Motors Corporation, 441 S.W.2d 482 (Tenn. 1969), or May 13, 1969, when plaintiff discovered the alleged breach of duty, see Chisholm v. Scott, 526 P.2d 1300 (N.Mex. 1974), or on February 28, 1973, when plaintiff obtained judgment against his assignor, see Green v. Helcamp, 499 S.W.2d 730 (Tex. 1973). But see Higa v. Mirikitani, 517 P.2d 1 (Haw. 1973); Bradford, Inc. v. Travelers, 301 A.2d 519 (Del. Sup. 1972). No matter which date is chosen as the date on which plaintiff's claim allegedly accrued, say defendants, the two-year limitation period had expired before the original complaint on July 30, 1975 was filed.

I agree. I am not persuaded by, nor indeed, do I find any merit in, plaintiff's theories asserted in opposition to the motion for summary judgment: 1) that the alleged breach of a fiduciary duty created a cause of action pur-

suant to 15 V.I.C. § 1052 and 1 V.I.C. § 4; 2) that the breach of a fiduciary duty is not a tort but some other type of action connected with a six-year statute of limitations; 3) that the statute of limitations cannot be asserted as a bar to this claim because defendants allegedly induced plaintiff's assignor to permit his insurance policy to lapse; 4) that the complaint states a cause of action for recovery of personal property; 5) that the claim in this case is not specifically enumerated in 5 V.I.C. § 31 and hence falls within 5 V.I.C. § 31(2)(A), which provides for a ten-year limitation period; (6) that the particular facts involved here, e.g., that defendants allegedly knew they were the "real parties in interest" and that the testimony of all witnesses is still obtainable, entitle plaintiff to avoid the statute of limitations. To the contrary, it is plain to this Court that plaintiff's complaint sounds partially in tort, that the tort claims fall squarely within 5 V.I.C. § 31(5)(A), and hence that they are barred by the statute of limitations. This includes plaintiff's claim of breach of a fiduciary duty.

Plaintiff's contract claim is somewhat confusing. I gather from studying the briefs that plaintiff asserts two contract theories. The first is that there existed between plaintiff's assignor and BFI an implied contract to properly service the former's account and/or to procure insurance coverage for the former. The second is that there existed between plaintiff's assignor and GAIC, through its agent BFI, a contract of insurance. Under the first theory, it is my opinion that the time for filing a claim expired at the point at which BFI failed to secure the renewal of a liability insurance policy for plaintiff's assignor, i.e., December 3, 1968—the last date on which BFI could have renewed the old policy before its termination. See Restatement of Contracts, § 314.

However, under the second theory, viz., that an insur-

ance contract or a renewal thereof actually came into existence on November 28, 1968, counsel for defendant concedes, and I so hold, that the statute of limitations begins to run at the time a judgment is entered against the alleged insured. See e.g., Communale v. Traders and General Insurance Company, 328 P.2d 198, 204 (Cal. 1958); Crisci v. Security Insurance Company of New Haven, Conn., 426 P.2d 173, 178 (Cal. 1967); Linkenhoger v. American Fidelity and Casualty Co., 260 S.W.2d 884 (Tex. 1953). The theory is that until judgment is entered against the insured, he has not been damaged, and that until liability is determined to rest upon the insured, the insurer has no obligation to indemnify him. In this case, judgment was entered against plaintiff's assignor on February 28, 1973. As a consequence, the six-year statute of limitations on this contract claim does not run until February 28, 1979.

I will next examine defendants' claim that plaintiff has failed to state a cause of action, either in tort or in contract. The only case particularly on point is Sutker v. Penn Insurance Co., 155 S.E.2d 694 (Ga. 1967).

The facts in Sutker are as follows: On October 21, 1962, defendant insurance company, through its agent, issued to plaintiff a renewal "Family Combination Automobile Policy" covering a Corvette and a Ford for a period of one year. On March 20, 1963, plaintiff sold the Corvette and in its place purchased a Buick. He instructed the insurance agent by telephone to issue him a written amendment to the policy substituting the new car for the old, and adding uninsured motorist coverage on both cars up to $20,000 for each person and $40,000 for each accident. Plaintiff was assured that a written agreement would be shortly issued to cover the changes. On March 24, 1963, plaintiff was involved in an automobile collision with an uninsured motorist, in which plaintiff's minor son was killed. It was not

until after the accident that plaintiff learned the agent had not prepared the amendment until March 25, that the notification was not received by the insurance company until March 26, and that the agent had failed to provide for uninsured motorist coverage.

Plaintiff contended that his suit sounded in tort, based on the insurance agent's misfeasance or nonfeasance in negligently failing to procure a written amendment to the insurance policy which would have provided the requested coverage. Plaintiff asserted that there was an oral contract between himself and the agent which created on the part of the latter a legal duty to procure the amendment. Plaintiff also claimed that the neglect or omission of that duty and the misfeasance of the agent, acting within the scope of his employment, constituted a tort for which the agent and the insurance company (under respondent superior) were liable.

The Georgia court held as follows:

From the authorities to which we have referred and from others which we have examined, the rule may be fairly deduced that in order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. . . . "Duty imposed by law" as used in this context means, of course, either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts of the State or jurisdiction involved. The question in this case then resolves itself to whether the petition sufficiently alleges the violation of such a "duty imposed by law".

\* \* \*

Absent actionable fraud and deceit, however, . . . it appears settled that there is no liability in *tort* for failure of the defendant insurance agent or broker to procure or have renewed a policy of insurance where the defendant is the *insurance company's* agent and not the plaintiff's agent.

601

\* \* \*

And there is no liability in *contract* for failure of defendant insurance agent or broker to perform a promise to procure a modification of a policy absent an agency relationship between plaintiff and defendant.

\* \* \*

. . . it is clear that the cases dealing with tort actions for negligent failure to procure or renew insurance are consistent with the principles enunciated in Mauldin v. Sheffer, supra. (150 S.E.2d 150), and the cases cited therein, viz., absent a contract which raises a duty imposed by law, such as the duties flowing from an agency relationship, there is no tort liability for breach of the contract.

155 S.E.2d at 677–79. While this Court is not bound by the precedent established in Sutker, it nevertheless believes that the principles enunciated therein are sound, and should be followed here. Therefore, that portion of plaintiff's complaint sounding in either tort or contract and based upon the alleged failure of BFI to procure a renewal of plaintiff's assignor's insurance policy will be dismissed.

By virtue of the foregoing discussion, I conclude that; Count I of the amended complaint presents a valid claim for breach of contract not barred by the six-year statute of limitations; Count II states no cause of action, see Sutker, supra, and will be dismissed; Count III states a valid claim for breach of contract not barred by the six-year statute of limitations; Count IV states no cause of action, see Sutker, supra, and will be dismissed; Count V states no cause of action in tort, see Sutker, supra, is barred by the two year statute of limitations, and will be dismissed; Count VI is barred by the six-year statute of limitations on contract actions and will be dismissed; those portions of Count VII alleging "breach of (GAIC's) oral contract or agreement to renew," "and/or its oral contract to extend", state no cause of action, see Sutker, supra, and will be dismissed. That portion of Count VII alleging "the mistake, negligence and error of (GAIC's) general agent, BFI in wrong-

fully cancelling and/or failing to renew the policy on the truck" is barred either by the two-year or six-year statute of limitations; that portion of Count VIII(1) alleging failure of defendants to stand by "oral agreements to renew . . ." states no cause of action, see Sutker, supra, and will be dismissed; Count VIII(2) will be dismissed for the reason that the facts alleged do not support a cause of action for breach of a constructive trust; Count IX will be dismissed for the reason that a claim for punitive damages will lie only in connection with a tort claim, and each of the tort claims in this case has been dismissed for failure to state a claim upon which relief can be granted and/or because barred by the statute of limitations.

In short, partial summary judgment is granted as to all counts of the amended complaint except those alleging a breach of an existing contract. Summary judgment cannot be granted as to the breach of existing contract counts for the reason that, viewing the allegations and documents in the light most favorable to plaintiff, the Court is not soundly convinced that a renewal and/or extension contract did not exist at the time the accident occurred.