### 53579. CREATIVE UNDERWRITERS, INC. v. HEILMAN et al.

WEBB, Judge.

Warren Heilman brought suit against Charles Kilpatrick, Creative Underwriters, Inc., and Foremost Insurance Company, alleging that he applied to Kilpatrick, a licensed insurance agent, for insurance on his motor home, including collision coverage; that Kilpatrick prepared the application for him on a form furnished to him by Foremost through its general agent Creative Underwriters; that he tendered a check for the premium to Kilpatrick, which was negotiated by him; and that the motor home was subsequently destroyed in a collision but the insurance policy was never issued and the claim was not paid. The jury returned a verdict in favor of Foremost but against Kilpatrick and Creative Underwriters, and Creative alone appeals, contending that its motions for directed verdict and for new trial should have

been granted.

We reverse with direction that final judgment be entered in Creative's favor in accordance with its motion for directed verdict. CPA § 50 (e) (Code Ann. § 81A-150 (e)). Although there is evidence which would support the inference that Creative, as well as Kilpatrick, may have misplaced an additional questionnaire, or correspondence related thereto, which was necessary to the coverage requested, and that this was the cause of the insurance contract never coming into existence, the evidence also demanded a finding that Creative never dealt with plaintiff, never purported to act on his behalf, never made any representation to him, never induced action or nonaction on his part, and never owed him any particular duty with respect to the application. Creative was the agent of Foremost by written contract with authority to approve or reject applications, bind coverage and issue policies, and was acting solely for Foremost with respect to this transaction. Consequently there is no basis upon which it may be held liable to the would-be insured. *Ga. Ins. Service v. Wise,* 97 Ga. App. 461 (103 SE2d 445) (1958) and cits. on p. 464; *Sutker v. Pa. Ins. Co.,* 115 Ga. App. 648 (155 SE2d 694) (1967) and cits. on p. 654.[1] Compare *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484) (1975); *Anderson v. Redwal Music Co.,* 122 Ga. App. 247 (176 SE2d 645) (1970).

---

[1] While we rely upon these cases for the proposition that the insured cannot recover from the insurance "agent" where there is no agency or other necessary relationship between them, which proposition precludes recovery here from Creative, we do not wish to be understood that by citing them we lend support to the "dual agency" prohibitory rule they enunciate, at least so far as the rule may be applied to an "independent agent" situation, i.e., where the insurance agent is not the exclusive agent of one company but is free to place coverage, in the interests of the insured, with one or more of several companies which he represents. In the light of the recent Supreme Court decision in *Wright Body Works, Inc. v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974), citing with approval *Todd v. German*

*Judgment reversed with direction. Deen, P. J., and Marshall, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED MARCH 16, 1977 — REHEARING DENIED MARCH 30, 1977 —

*Ross & Finch, I. J. Parkerson,* for appellant.
*William R. Hurst, Greer & Klosik, Frank J. Klosik, Jr., Kennith R. Ott,* for appellees.

*American Ins. Co.,* 2 Ga. App. 789 (59 SE 94) (1907), it may now fairly be said that where an insurance company acquiesces in an arrangement with an insurance agent representing it whereby the agent may be expected to act also on behalf of the insured, the company consents to the dual agency so that the agent is no longer insulated from responsibility to the insured to effect the agreed-upon coverage on the ground that his undertaking to do so is against public policy. Thus effectively overruled sub silentio are cases such as *Manis v. Pruden,* 145 Ga. 239 (88 SE 967) (1916), applying to an independent insurance agent the "dual agency" rule enunciated in other types of insurance-agent cases exemplified by *Ramspeck v. Pattillo,* 104 Ga. 772 (30 SE 962) (1898), followed in *Wise* and others, supra, which had the startling result that the agent, by undertaking to act on behalf of the second principal, (the insured), was by virtue of that undertaking which the courts conceived as outlaw, at once relieved of all responsibility to him for it — i.e., from the standpoint of the insured, the agent's undertaking to act on his behalf simultaneously canceled itself out so that the insured had no recourse against him for its breach. Thus, at least as to independent insurance agents, the Supreme Court has put an end to the rule which allowed the agent to profit by what theretofore had been considered his own wrong, and which rule was fundamentally at war with its underlying purpose—to protect not the agent but the principal, and even the second principal. *Napier v. Adams,* 166 Ga. 403 (143 SE 566) (1928).