## 55171. PLATANIAS v. SOUTHEASTERN FIDELITY INSURANCE COMPANY et al.

McMURRAY, Judge.

On April 5, 1975, George Spiros Platanias and Mrs. Martha Hansen, a friend, visited the offices of Steele-Prescott Insurance Agency in Covington, Georgia to obtain no-fault liability insurance on an automobile owned by Platanias. Robert E. Jones, an insurance broker and agent, at that time issued a written binder for insurance on the vehicle with Cotton States Insurance Company. However, on July 22, 1975, Jones forwarded to Platanias a notification that Cotton States had declined coverage and requested information whether he should submit coverage with another company. Mrs. Hansen acting as Platanias' agent, on receipt of this letter on July 25, 1975, called Jones to request coverage be submitted to the company named by Jones at that time, the Southeastern Fidelity Insurance Company. Both Platanias and Hansen contend that Jones actually stated Platanias would be covered at the time of the telephone conversation. Jones specifically denied that after the Cotton States binder was withdrawn that he advised Platanias or Mrs. Hansen that Platanias was covered by insurance. But the premium paid for the Cotton States insurance would be applied to the Southeastern Fidelity premium with the balance due to be paid later.

Jones filled out an application for insurance with Southeastern Fidelity Insurance Company, signed Platanias' name to the form and used the information supplied for the Cotton States application, including a Georgia no-fault election form with coverage indicated as $10,000 personal injury protection. These forms were forwarded together with a net check (after deduction of commission for premium) received on July 28, 1975, to Casualty Underwriters, Inc., the underwriting general agent for Southeastern Fidelity Insurance Company, which was the only insurance company for which Casualty Underwriters, Inc. was authorized to issue insurance policies.

Thereafter, on August 4, 1975, Platanias was seriously injured in an automobile incident in Florida.

Upon notification Jones filed a claim with Southeastern Fidelity Insurance Company and forwarded it to Casualty Underwriters, Inc. for handling. Casualty Underwriters, Inc., after notification of the automobile collision, rejected the application on August 8, 1975, and returned it to Jones. On August 12, 1975, Jones reforwarded to Casualty Underwriters the application claim and check originally sent and expressed in a letter that he felt coverage was acceptable to Southeastern Fidelity Insurance Company and that the grounds given for rejection (unfavorable occupation as a musician and out-of-state driver's license) did not apply. Casualty Underwriters, Inc. again rejected coverage and by letter of August 25, 1975, Jones advised Platanias of the rejection.

No personal injury benefits under the claimed contract of insurance were ever provided Platanias by Southeastern Fidelity Insurance Company. Thereafter, on August 22, 1976, Platanias settled with the Travelers Insurance Company, his tortfeasor's carrier in the collision for $10,000. Mr. Platanias' medical bills and expenses arising out of the serious injury to him exceeded $10,000. Platanias was never fully compensated for injuries growing out of the automobile incident.

Platanias then sued Southeastern Fidelity Insurance Company, Casualty Underwriters, Inc. (its general agent), Steele-Jones Insurance Agency (formerly Steele-Prescott Insurance Agency) of Covington, Georgia and also Robert E. Jones, the insurance agent in Covington, Georgia. In Count 1 he sought contractual liability of Southeastern Fidelity Insurance Company and Casualty Underwriters, Inc. for failure to provide no-fault personal injury benefits under the Georgia Motor Vehicle Accident Reparations Act of 1974, pursuant to a contractual binder and application for premium insurance submitted on his behalf by Jones. In Count 2 he alleged alternative fraud as committed by all of the defendants when defendant Jones knowingly made material misrepresentations as to the insurance coverage to plaintiff which misrepresentations were relied on by him to his damage. In Count 3 Platanias alleged in the alternative that defendants Casualty Underwriters, Inc.,

Steele-Jones Insurance Agency and Jones had negligently failed in their undertaking to procure insurance coverage on behalf of plaintiff under the terms of the contract binder and under the terms of their agency with plaintiff. A jury trial was then held; the fraud count was waived; and the trial court directed a verdict in favor of the defendants on the negligence count. Interrogatories were submitted to the jury and in particular as to whether or not Jones had misrepresented to plaintiff that coverage was effective from the time insurance was requested, that is, "[d]id Mr. Jones advise Mrs. Hansen [plaintiff's agent] that insurance coverage was — at the time of the telephone conversation — immediately in force?" The jury answered "No." This answer did not require the other interrogatories to be answered. Judgment was then entered and the court found as a matter of law that there were insufficient facts to support a finding of liability on the part of defendant Southeastern Fidelity Insurance Company or Casualty Underwriters, Inc. based upon any theory of agency, either express or apparent. The court also found as a matter of law that the subrogation provisions of the Georgia Motor Vehicle Accident Reparations Act in effect at the time of plaintiff's loss were determinative of defendant Southeastern Fidelity Insurance Company's subrogation rights and that as a matter of law plaintiff suffered no damage beyond $10,000 as a result of any alleged breach of contract by defendant Southeastern Fidelity Insurance Company. The judgment again stated the findings of the jury as to the interrogatory verdict and discharged all the defendants. A motion for new trial was filed and denied, and plaintiff appeals. *Held:*

1. Plaintiff contends that since he received $10,000 in settlement with his tortfeasor's insurer (The Travelers Insurance Company) and his entire personal injuries (medical expenses and other expenses) exceed $10,000 that the issue here "is not one of subrogation, as the trial court ruled, but one in which priorities are established whereby the no-fault insurance carrier must suffer the loss from an inability to recapture the mandated no-fault benefits from its insured's tort-feasor's assets." However, the no-fault insurance here was allegedly effective in

1975, and the collision resulting in the injuries occurred in 1975. Section 5 (d) of the Georgia Motor Vehicle Accident Reparations Act (Code Ann. § 56-3405b (d) (1)) was amended by Ga. L. 1976, pp. 1078, 1079, so as to provide that in the event that the person for whom benefits are provided has not been completely compensated for all economic and non-economic losses incurred as a result of the "motor vehicle accident" there would be no subrogation "to the extent of the benefits provided." This case is somewhat similar to *Blaylock v. Georgia Mut. Ins. Co.,* 239 Ga. 462 (238 SE2d 105), whereby the tortfeasor's only assets were the liability insurance that provided $20,000 in benefits. Settlement was allowed as to a portion of the $20,000 exactly equal to the subrogation sought by the no-fault insurer. In Division 1, page 463, it was held that "any subrogation rights were vested and therefore could not be abrogated by a later statute." Accordingly, even though there has been no payment by the no-fault insurer, under the law in 1975 the plaintiff has already obtained a $10,000 settlement against his tortfeasor, and the trial court in the case sub judice did not err in determining that the subrogation rights of the no-fault insurer would prevent the plaintiff from recovering any sums above the $10,000 as the result of any alleged breach of contract. There is no merit in the enumeration of error complaining that the trial court erred in concluding as a matter of law that the subrogation provisions of the Georgia Motor Vehicle Accident Reparations Act in effect at the time of plaintiff's loss were determinative of defendant Southeastern Fidelity Insurance Company's subrogation rights, and he could not recover against it on any claimed breach of contract.

2. The case is also similar to the recent case of *Creative Underwriters, Inc. v. Heilman,* 141 Ga. App. 740 (234 SE2d 371), wherein an alleged insured as plaintiff brought suit against a local agent, the underwriting general agent, and the insurer just as was the situation here. As in that case, there was no evidence that the underwriting general agent or the insurer ever dealt with the plaintiff, that is, it "never purported to act on his behalf, never made any representation to him, never

induced action or non-action on his part, and never owed him any particular duty with respect to the application." The underwriting general agent there, as here, was the agent of the insurer by written contract with authority to approve or reject applications, bind coverage and issue policies and acted solely for the insurer. There has been no evidence shown that the local insurance broker or agent who made application to the insurer by and through the underwriting general agent could in any way bind the insurer and/or its underwriting general agent. The trial court did not err in directing the verdict as to Casualty Underwriters, Inc. (the underwriting general agent) and the insurer Southeastern Fidelity Insurance Company.

3. The trial court did not err in excluding certain pages of Southeastern Fidelity Insurance Company's automobile manual certified by the Insurance Commissioner of Georgia since these guidelines were not shown to apply to the local insurance agent. It is not relevant as to whether any contractual liability by binder was ever made by the insurer.

4. Plaintiff having agreed to the interrogatories before they were submitted to the jury, the trial court did not err in submitting to the jury the issue of whether or not defendant Jones had advised the agent of the plaintiff "that insurance coverage was . . . immediately in force." Nor did counsel for plaintiff properly except to any charge now raised that the trial court erred in failing to charge "all substantive principles of contract, insurance and agency law" when given a suitable opportunity after the charge. The only exception made was as follows: "Your Honor, I don't know if it is really an exception, but I question as to whether or not the jury might be confused as to whether or not Mrs. Hansen is under any duty to disclose anything." The enumerated error as made is not the same exception as that raised after the charge. There is no merit in this complaint.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 12, 1978 — DECIDED APRIL 5, 1978.

*Isaacs, Comolli & Polonsky, John M. Comolli, Thomas K. Isaacs,* for appellant.

*Ralph Spain, Lokey & Bowden, Charles M. Lokey,* for appellees.